1  RICHARD C. VASQUEZ /CA SB # 127228
   AVIN P. SHARMA /CA SB# 233328
2  VASQUEZ BENISEK & LINDGREN LLP
   3685 Mt. Diablo Blvd, Suite 300
3  Lafayette, CA  94549
   Telephone:    (925) 627-4250
4  Facsimile:    (925) 403-0900
   rvasquez@vbllaw.com
5  asharma@vbllaw.com

6  Attorneys for Defendant HITACHI HIGH TECHNOLOGIES
   AMERICA, INC., a Delaware Corporation

7

8

9                    **UNITED STATES DISTRICT COURT**

10                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| TA CHONG BANK LTD., | Case No:   C08-02452-BZ |
| Plaintiff, | **DEFENDANT HITACHI HIGH TECHNOLOGIES AMERICA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)** |
| v. | |
| HITACHI HIGH TECHNOLOGIES AMERICA, INC., a Delaware Corporation; and DOES 1-10, inclusive, | |
| Defendants. | Judge: The Honorable Bernard Zimmerman<br>Date:  July 2, 2008<br>Time:  10:00 a.m.<br>Dept:  Ctrm G, 15th Floor |

**HTA'S MP&A ISO MOTION TO DISMISS**

**I. INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), Defendant Hitachi High Technologies America, Inc. ("HTA") hereby submits this memorandum of points and authorities in support of its motion to dismiss the complaint filed by Plaintiff Ta Chong Bank Ltd. ("Ta Chong") for failure to state claims upon which relief can be granted.

This case arises out of HTA's purchase of personal DVD players from bankrupt supplier CyberHome Entertainment, Inc. ("CyberHome"). Ta Chong's complaint admits that HTA paid CyberHome the full amount HTA owed for the DVD players it purchased. Through this action, that Ta Chong initiated in state court, Ta Chong has attempted an "end run" around the US bankruptcy court, the sole jurisdiction and venue for enforcement of CyberHome's debt to Ta Chong. Ta Chong takes the incredible position that HTA should have to pay the debt twice, because Ta Chong failed to recover its separate loan to CyberHome, and then compounded that failure by failing to perfect a security interest in CyberHome's receivables.

The Northern District previously thwarted Ta Chong. In 2006, Ta Chong attempted to assert a security interest against CyberHome, only to lose summary adjudication against the bankruptcy trustee. Rather than capitulate to the federal court's edict, however, Ta Chong filed three claims sounding in common counts in the state court, and in doing so, omitted any mention of the ruling against it[1]. Now, HTA has removed the case to the Northern District, and through the instant motion, seeks dismissal, on the grounds that Ta Chong does not own the interest it alleges in the underlying claims for relief, by which it seeks recovery against HTA.

**A. The Parties**

HTA is a Delaware corporation with its primary place of business in Schaumburg, Illinois. HTA's business focuses on providing nanotechnology products and services to its customers, including semiconductor manufacturing equipment, analytical instrumentation, scientific instruments, bio-related products, industrial equipment, information equipment,

---

[1] Ta Chong's omission cannot be explained away by inadvertence, since plaintiff's counsel is also counsel in the bankruptcy case.

1

**HTA'S MP&A ISO MOTION TO DISMISS**
**CASE NO: C08-02452-BZ**

1  electronic devices, and electronic and industrial materials.

2  Ta Chong is a bank with its place of business in Taiwan.

3  **B.  The Complaint in State Court**

4  On March 21, 2008, Ta Chong Bank filed a complaint against HTA in Alameda Superior
5  Court alleging in part that "[o]n or about August 18, 19 and September 13, 2005, Defendant
6  became indebted to Plaintiff in the sum of $1,214,852.20 for goods sold and delivered to
7  Defendant by CyberHome Entertainment, Inc. ("CyberHome") pursuant to Defendant's purchase
8  orders to CyberHome."  See Defendant HTA's Request for Judicial Notice ("RJN"), Exhibit A, ¶
9  5. Based upon this alleged indebtedness, Ta Chong asserts three common count causes of action
10  against HTA, claiming in essence that HTA owes the above-stated amount to Ta Chong.

11  **C.  Summary of Argument**

12  Ta Chong's claims must be dismissed because Ta Chong does not hold any interest in the
13  monies that it claims are still owed by HTA.  Ta Chong's claims are based on accounts
14  receivable that were owed by HTA to CyberHome.  CyberHome is now in Chapter 7 bankruptcy.
15  What Ta Chong conveniently omits from its complaint, and what must be judicially noticed by
16  this Court, is that CyberHome's Chapter 7 trustee brought an adversary proceeding against Ta
17  Chong and sought summary adjudication as to the interests that Ta Chong claims it held in
18  CyberHome's receivables.  The bankruptcy court granted the trustee's motion, determining that
19  Ta Chong's alleged security interest was unperfected and avoided by law, and declared that Ta
20  Chong holds no lien whatsoever on CyberHome's receivables.  The bankruptcy court also held
21  that CyberHome's account debtors could disregard requests by Ta Chong regarding the
22  receivables and that only the Trustee can collect CyberHome's receivables. Ta Chong's claims
23  were rejected in the bankruptcy proceeding, and Ta Chong is now attempting to take a "second
24  bite at the apple" by circumventing the bankruptcy court's order and proceeding in an action
25  directly against HTA. Ta Chong cannot now state a claim against HTA based on CyberHome's
26  accounts receivable because it does not have an interest in those receivables as determined by the
27  bankruptcy court's order.  Accordingly, this Court should grant HTA's motion and dismiss Ta
28  Chong's complaint for failure to state claims upon which relief can be granted.

2

**HTA'S MP&A ISO MOTION TO DISMISS**
**CASE NO: C08-02452-BZ**

## II.  FACTUAL BACKGROUND

On December 19, 2006, John Kendall, the Chapter 7 trustee in the CyberHome bankruptcy proceeding ("Trustee"), initiated an adversary proceeding against Ta Chong in the bankruptcy court for the Northern District of California.  See RJN Exhibit A.  In the adversary proceeding, the Trustee moved for summary adjudication against Ta Chong.  On June 14, 2007, the bankruptcy court entered an "Order on Ta Chong's Emergency Application for Extension of Time Re Trustee's Motion for Summary Adjudication," whereby the court held, "[t]he Court having been advised that Ta Chong or its representatives may have sent letters or communications to certain account debtors, now rules that any recipient of such a letter regarding the receivables at issue in this Adversary Proceeding may disregard it, as only the Trustee is authorized to collect receivables at this time."  RJN, Exhibit B.  On August 1, 2007, the bankruptcy court granted the Trustee's motion for summary adjudication, holding:  "(1) the [Trustee's] motion for summary adjudication is granted; (2) [Ta Chong]'s security interest in [CyberHome]'s receivables and inventory and proceeds is unperfected; (3) [Ta Chong]'s unperfected security interest in [CyberHome]'s receivables, inventory, and proceeds is avoided; and (4) [Ta Chong] holds no lien whatsoever on any receivables and inventory and proceeds of [CyberHome]'s bankruptcy estate."  RJN, Exhibit C.

On March 21, 2008, more than seven months after the Federal Bankruptcy Court granted a motion for summary adjudication against Ta Chong and nine months after the bankruptcy court ruled that only the Trustee can collect CyberHome's receivables, Ta Chong initiated an action against HTA in Alameda County Superior Court.  In its Complaint, Ta Chong alleges that "[o]n or about August 18, 19 and September 13, 2005, Defendant became indebted to Plaintiff in the sum of $1,214,852.20 for goods sold and delivered to Defendant by CyberHome Entertainment, Inc. ("CyberHome")," in support of which Ta Chong provides copies of the invoices from CyberHome to HTA.  RJN, Exhibit A, ¶ 5 and Exh. 1.  Ta Chong alleges that it held the right to receive the amounts due to CyberHome on these invoices.  RJN, Exhibit A, ¶ 7.  Ta Chong further alleges that on January 13, 2006, HTA paid the $1.2 million owed on these invoices directly to CyberHome and that Ta Chong did not receive any corresponding payment from

3

**HTA'S MP&A ISO MOTION TO DISMISS**
**CASE NO: C08-02452-BZ**

CyberHome. RJN, Exhibit A, ¶ 11. Ta Chong acknowledges that CyberHome filed for Chapter 7 bankruptcy on September 5, 2006. RJN, Exhibit A, ¶ 11. But Ta Chong then alleges that it has made a demand to HTA for payment of the $1.2 million that HTA had owed to CyberHome. RJN, Exhibit A, ¶ 12. On May 13, 2008, HTA timely removed the action from Alameda County Superior Court to this Court on the grounds of diversity jurisdiction.

### III. LEGAL STANDARD

"A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *Christakis v. Federal Bureau of Prisons*, No. 1:06 CV 00953 AWI GSA, 2008 U.S. Dist. LEXIS 34164, at *4 (N.D. Cal., April 25, 2008) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 fn.1 (9th Cir. 1997)).

In evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's factual allegations as true and construes the complaint in the light most favorable to the plaintiff, drawing reasonable inferences in plaintiff's favor. *See Nat'l. Audubon Society v. Davis*, 307 F.3d 835, 855 (9th Cir. 2002). "But, the Court is not required 'to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Christakis*, 2008 U.S. Dist. LEXIS 34164, at *4 (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The court may also consider materials submitted with the complaint, *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 fn.19 (9th Cir. 1989). In addition, in reviewing a motion to dismiss, "a court may take judicial notice of 'matters of public records' without converting a motion to dismiss into a motion for summary judgment." *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal citation omitted).

\\
\\
\\

4

**HTA'S MP&A ISO MOTION TO DISMISS**
**CASE NO: C08-02452-BZ**

## IV. LEGAL ARGUMENT

    **A.**    **Ta Chong's Claim Based On its Alleged Interests In CyberHome's Accounts Receivable Fails Because Those Interests Were Discharged By The Bankruptcy Court.**

Ta Chong's complaint fails to state a claim against HTA because Ta Chong's claims against HTA are based on CyberHome's receivables, and the bankruptcy court already found that Ta Chong's alleged security interest in CyberHome's receivables is avoided by law and that Ta Chong holds "no lien whatsoever" on CyberHome's receivables.

As discussed above, Ta Chong was a defendant in an adversary bankruptcy proceeding brought by the Trustee. In that proceeding, the bankruptcy court held that any of CyberHome's account debtors that received communications regarding receivables could disregard those communications because the Trustee was the only authorized entity to collect the receivables. See RJN, Exhibit B. In addition, the bankruptcy court granted the Trustee's motion for summary adjudication against Ta Chong. RJN, Exhibit C. The Court's order held that "[Ta Chong]'s unperfected security interest in [Cyberhome]'s receivables, inventory, and proceeds is avoided," and that "[Ta Chong] holds no lien whatsoever on any receivables and inventory and proceeds of [CyberHome]'s bankruptcy estate." RJN, Exhibit C.

In the case at bar, Ta Chong asserts three causes of action against HTA: (1) goods sold and delivered; (2) open book account; and (3) account stated. Each of these causes of actions is based on allegations regarding accounts receivable that were owed by HTA to CyberHome. For example, in support of its first cause of action, Ta Chong alleges it is owed money from HTA because of the sums originally owed by HTA to CyberHome for goods sold and delivered to HTA. RJN, Exhibit A, ¶ 5. In support of its second cause of action, Ta Chong alleges that CyberHome gave HTA "at its special instance and request, on an open book account, goods of the agreed upon value of $1,214,852.20." RJN, Exhibit A, ¶ 14. In support of its third cause of action, Ta Chong alleges that "an account was stated by and between CyberHome and [HTA], wherein it was agreed that [HTA] was indebted on the Invoices in the sum of $1,214,852.20." RJN, Exhibit A, ¶ 17.

Ta Chong's complaint against HTA is based solely on the accounts receivable that HTA

5

**HTA'S MP&A ISO MOTION TO DISMISS**
**CASE NO: C08-02452-BZ**

had owed to CyberHome. Yet the Bankruptcy Court held that Ta Chong does not have any interest in CyberHome's receivables and that only the Trustee can collect CyberHome's receivables. Therefore, to the extent any monies may still be owing and unpaid on these accounts receivable, the right to assert such claims would fall to CyberHome or its Trustee, not to Ta Chong. Accordingly, this Court should find that Ta Chong's three causes of action fail to state claims upon which relief can be grated.

### V. CONCLUSION

The bankruptcy court held that Ta Chong has no valid security interest in CyberHome's accounts receivable. In an effort to circumvent this order, Ta Chong brought this action in state court directly against HTA based on CyberHome's accounts receivable. Ta Chong cannot assert a claim against HTA based on these receivables because Ta Chong holds no interest in or lien upon the receivables by order of the bankruptcy court. Therefore, HTA respectfully requests that this Court grant HTA's motion to dismiss Ta Chong's complaint for failing to state claims upon which relief can be granted.

DATED: May 20, 2008                    VASQUEZ BENISEK & LINDGREN LLP


                                       By: _____/s/_____
                                           RICHARD C. VASQUEZ
                                           Attorneys for Defendant HITACHI HIGH
                                           TECHNOLOGIES AMERICA, INC., a
                                           Delaware Corporation

**HTA'S MP&A ISO MOTION TO DISMISS**
**CASE NO: C08-02452-BZ**

6