1  RICHARD C. VASQUEZ /CA SB # 127228
   AVIN P. SHARMA /CA SB# 233328
2  VASQUEZ BENISEK & LINDGREN LLP
   3685 Mt. Diablo Blvd, Suite 300
3  Lafayette, CA  94549
   Telephone:    (925) 627-4250
4  Facsimile:    (925) 403-0900
   rvasquez@vbllaw.com
5  asharma@vbllaw.com

6
   Attorneys for Defendant HITACHI HIGH TECHNOLOGIES
7  AMERICA, INC., a Delaware Corporation

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11 | TA CHONG BANK LTD.,                          | Case No:   C-08-02452-BZ                                     |
   |                                              |                                                              |
12 |         Plaintiff,                           | **DEFENDANT HITACHI HIGH TECHNOLOGIES AMERICA, INC'S         |
   |                                              | REQUEST FOR JUDICIAL NOTICE**                                |
13 |    v.                                        |                                                              |
14 | HITACHI HIGH TECHNOLOGIES                    | Judge: The Honorable Bernard Zimmerman                       |
   | AMERICA, INC., a Delaware Corporation; and   | Date:  July 2, 2008                                          |
15 | DOES 1-10, inclusive,                        | Time:  10:00 a.m.                                            |
   |                                              | Dept:  Ctrm G, 15th Floor                                    |
16 |         Defendants.                          |                                                              |

17

18

19

20

21

22

23

24

25

26

27

28

**HTA'S REQUEST FOR JUDICIAL NOTICE**
**CASE NO: C08-02452-BZ**

Defendant Hitachi High Technologies America, Inc. ("HTA") respectfully requests that this Court take judicial notice of the following documents:

1. "Complaint For (1) Avoidance and Recovery of Preferential Transfers; (2) Determination of Extent, Validity and Priority of Lien; (3) Declaratory Relief; (4) Turnover and Accounting of Estate Property; and (5) Objection to Claim" filed in *John Kendall v. Ta Chong Bank Co., LTD*., Case No. 06-41544 J7 in the United States Bankruptcy Court for the Northern District of California.  A true and correct copy of the document is attached hereto as **Exhibit A**.

2. Order on Ta Chong's Emergency Application for Extension of Time Re Trustee's Motion for Summary Judgment filed in *John Kendall v. Ta Chong Bank Co., LTD*., Case No. 06-41544 J7 in the United States Bankruptcy Court for the Northern District of California.  A true and correct copy of the document is attached hereto as **Exhibit B**.

3. Order Granting Motion for Summary Adjudication filed in *John Kendall v. Ta Chong Bank Co., LTD*., Case No. 06-41544 J7 in the United States Bankruptcy Court for the Northern District of California.  A true and correct copy of the document is attached hereto as **Exhibit C**.

Fed. R. Evid. Rule 201 allows a court to take judicial notice of facts that are not subject to reasonable dispute because they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. Rule 201.  A court may take judicial notice of matters of public records.  *Moore v. Navarro*, No. 00-03213 MMC, 2004 U.S. Dist. LEXIS 6039, *6,  (N.D.Cal April 5, 2004).  Documents filed in other legal proceedings are matters of public records subject to judicial notice.  *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388, fn. 9 (9th Cir. 1987) (Court took judicial notice of pleadings and orders "in the underlying bankruptcy case."); see *Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1090-91, fn.1 (N.D. Cal 2003) [court took judicial notice of pleadings filed in state court].

1  Here, each of the documents are documents subject to judicial notice as the complaint is a
2  pleading filed in the public record for a bankruptcy proceeding in this district, and the orders are
3  orders issued by the bankruptcy court and thus part of the public record for the same bankruptcy
4  proceeding.  Accordingly, HTA respectfully requests this Court to grant judicial notice of the
5  above listed documents.

DATED:  May 20, 2008            VASQUEZ BENISEK & LINDGREN LLP

By:  _____/s/_____
RICHARD C. VASQUEZ
Attorneys for Defendant HITACHI HIGH
TECHNOLOGIES AMERICA, INC., a
Delaware Corporation

2

**HTA'S REQUEST FOR JUDICIAL NOTICE**
**CASE NO: C08-02452-BZ**

Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2000
San Francisco, California 94105-1104
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: gheaton@duanemorris.com

Attorneys for Chapter 7 Trustee
JOHN T. KENDALL

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>CYBERHOME ENTERTAINMENT, INC.,<br><br>Debtor. | Case No. 06-41544 J7<br><br>Chapter 7 |
| JOHN T. KENDALL, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>TA CHONG BANK CO., LTD.,<br><br>Defendant. | A.P. No.<br><br>**COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; (2) DETERMINATION OF EXTENT, VALIDITY AND PRIORITY OF LIEN; (3) DECLARATORY RELIEF; (4) TURNOVER AND ACCOUNTING OF ESTATE PROPERTY; AND (5) OBJECTION TO CLAIM** |

John T. Kendall, Chapter 7 trustee, alleges:

**JURISDICTIONAL ALLEGATIONS**

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7001 et seq.; 11 U.S.C. §§ 502(d), 542, 547, and 550; and 28 U.S.C. § 2201.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 157 and 151.

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is a core proceeding as that term is defined at 28 U.S.C. § 157(b)(2)(A), (B), (E), (F), (K) and (O).

5. This Court may enter a final judgment herein, subject to review by the United States District Court under 28 U.S.C. § 158.

## GENERAL ALLEGATIONS

6. On or about September 5, 2006 (the "Petition Date"), Cyberhome Entertainment, Inc. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "Bankruptcy Court").

7. Plaintiff John T. Kendall ("Trustee") is the duly appointed, qualified and acting Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

8. The Trustee is informed and believes, and based thereon alleges, that defendant Ta Chong Bank Co., Ltd. ("Defendant") is, and at all times relevant was, a corporation and/or banking entity organized under the laws of Taiwan, R.O.C., doing business in the State of California.

9. Defendant contends that prior to the Petition Date it entered into one or more security agreements (collectively, the "Alleged Security Agreement") with the Debtor by which Defendant allegedly acquired a blanket security interest (the "Alleged Security Interest") in substantially all of the Debtor's assets, including, *inter alia*, the Debtor's accounts receivable.

10. Within 90 days prior to the Petition Date, Defendant filed a UCC 1 financing statement with the California Secretary of State with respect to the Debtor, listing as Defendant's collateral, *inter alia*, the Debtor's accounts receivable.

11. Defendant contends that prior to the Petition Date it entered into one or more factoring agreements with the Debtor (collectively, the "Alleged Factoring Agreement") by which Defendant purports to have purchased certain of the Debtor's accounts receivable.

12. The Trustee is informed and believes that Defendant has made demand on the Debtor's account debtors for payment of the Debtor's outstanding accounts receivable.

13. The Trustee is informed and believes that, as a result of Defendant's unauthorized collection activities, Defendant may be in possession of funds that are property of the Estate in an amount to be determined according to proof.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers)**
**[11 U.S.C. § 547]**

14. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this complaint (the "Complaint").

15. Through the Alleged Security Interest and Alleged Factoring Agreement, to the extent either exists, the Debtor made one or more transfers of an interest in its property (collectively, the "Transfers").

16. The Transfers were made to or for the benefit of Defendant.

17. The Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant before the Transfers was made.

18. The Transfers were made while the Debtor was insolvent.

19. The Transfers were made on or within 90 days before the Petition Date.

20. The Transfers enabled Defendant to receive more than it would receive if the Estate were liquidated under Chapter 7 of Title 11 of the United States Code, the Transfers had not been made, and Defendant received payment of such debt to the extent provided by the provisions of the United States Bankruptcy Code.

21. Accordingly, the Trustee may avoid the Transfers pursuant to 11 U.S.C. § 547(b).

**WHEREFORE**, the Trustee prays for judgment as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(Recovery of Avoided Preferential Transfers)**
**[11 U.S.C. § 550]**

22. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

23. The Trustee may avoid any transfers of the Debtor's accounts receivable made to Defendant under the Alleged Factoring Agreement pursuant to 11 U.S.C. § 547(b).

24. Accordingly, the Trustee may recover from Defendant the value of the Debtor's accounts receivable transferred to Defendant, as such amount is determined according to proof, for the benefit of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, the Trustee prays for judgment as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### (Declaratory Relief; Determination of Extent, Validity and Priority of Lien)
### [28 U.S.C. § 2201(a)]

25. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

26. An actual controversy exists between Defendant and the Trustee in that Defendant contends, and the Trustee denies, that Defendant has an unavoidable, perfected security interest in property of the Estate.

27. Pursuant to 28 U.S.C. § 2201(a), the Trustee is entitled to entry of judgment from the Bankruptcy Court declaring and determining the extent to which Defendant holds an unavoidable, perfected security interest in property of the Estate.

**WHEREFORE**, the Trustee prays for judgment as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Relief to Determine Nature of Alleged Factoring Agreement)
### [28 U.S.C. § 2201(a)]

28. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

29. An actual controversy exists between Defendant and the Trustee in that Defendant contends, and the Trustee denies, that the Alleged Factoring Agreement, to the extent it exists, constitutes an actual sale of any of the Debtor's accounts receivable.

30. Pursuant to 28 U.S.C. § 2201(a), the Trustee is entitled to entry of judgment from the Bankruptcy Court declaring and determining whether, and if so to what extent, the Alleged Factoring Agreement constitutes an actual sale of the Debtor's accounts receivable.

**WHEREFORE**, the Trustee prays for judgment as hereinafter set forth.

**FIFTH CLAIM FOR RELIEF**
**(Turnover and Accounting of Estate Property)**
**[11 U.S.C. § 542(a)]**

31.     The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

32.     The Trustee is informed and believes that, as a result of Defendant's unauthorized collection activities, Defendant may be a non-custodian in possession, custody and/or control of property of the Estate that (a) the Trustee may use pursuant to 11 U.S.C. § 363, and (b) is not of inconsequential value or benefit to the Trustee.

33.     Pursuant to 11 U.S.C. § 542(a), Defendant is obligated to turn over to the Trustee, and provide an accounting of, any and all property of the Estate that Defendant has recovered from the Debtor's account debtors or from any other source.

**WHEREFORE**, the Trustee prays for judgment as hereinafter set forth.

**SIXTH CLAIM FOR RELIEF**
**(Objection to Claim)**
**[11 U.S.C. § 502(d)]**

34.     The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

35.     The Trustee is informed and believes, and based thereon alleges, that Defendant intends to file a proof of claim in the Debtor's bankruptcy case.

36.     Each and every claim of Defendant herein should be disallowed to the extent that Defendant has not turned over to the Trustee any property of the Estate in Defendant's possession, custody or control pursuant to 11 U.S.C. § 542(a), or the value of any property transferred to Defendant in violation of 11 U.S.C. § 547, but without limitation as to any and all other grounds of disallowance not presently known to the Trustee that may be established according to proof.

**WHEREFORE**, the Trustee prays for the following relief:

# PRAYER

## FIRST CLAIM FOR RELIEF

37. For entry of judgment avoiding the Transfers, including the Alleged Security Interest and Alleged Factoring Agreement, pursuant to 11 U.S.C. § 547(b);

## SECOND CLAIM FOR RELIEF

38. For judgment in a sum corresponding to the total value of the Debtor's accounts receivable transferred to Defendant under the Alleged Factoring Agreement, as such amount is determined according to proof;

39. For an order directing payment thereof by Defendant to the Trustee;

## THIRD CLAIM FOR RELIEF

40. For entry of judgment determining the extent, validity and priority of the Alleged Security Interest.

## FOURTH CLAIM FOR RELIEF

41. For entry of judgment determining whether, and if so to what extent, the Alleged Factoring Agreement constitutes an actual sale of the Debtor's accounts receivable to Defendant.

## FIFTH CLAIM FOR RELIEF

42. For entry of judgment directing Defendant to turn over immediately to the Trustee, and provide an accounting of, any and all property of the Estate that Defendant has collected from the Debtor's account debtors, or that is otherwise in Defendant's possession, custody or control.

## SIXTH CLAIM FOR RELIEF

43. For entry of judgment disallowing any and all of Defendant's claim(s) herein until any and all property of the Estate in Defendant's possession, custody or control has been accounted for and turned over to the Trustee, and/or the value of any property of the Estate transferred to Defendant in violation of 11 U.S.C. § 547 has been remitted to the Trustee;

///

///

///

///

**FOR ALL CLAIMS FOR RELIEF**

44. For all costs of suit incurred herein; and

45. For such other and further relief as the Court deems proper.

DATED: December 19, 2006     **DUANE MORRIS LLP**

By: /s/ Geoffrey A. Heaton (#206990)
Geoffrey A. Heaton
Attorneys for Plaintiff and Chapter 7 Trustee
JOHN T. KENDALL

Entered on Docket
June 14, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: June 13, 2007

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: roliner@duanemorris.com

Attorneys for Plaintiff, Counterdefendant
and Chapter 7 Trustee, JOHN T. KENDALL

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>CYBERHOME ENTERTAINMENT, INC.,<br><br>Debtor. | Case No. 06-41544<br><br>Chapter 7 |
| JOHN T. KENDALL, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>TA CHONG BANK CO., LTD.,<br><br>Defendant. | Adversary Proceeding No. 06-04282<br><br>**ORDER ON TA CHONG'S EMERGENCY APPLICATION FOR EXTENSION OF TIME RE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT** |
| TA CHONG BANK CO., LTD.,<br><br>Counterclaimant,<br><br>v.<br><br>JOHN T. KENDALL, Trustee,<br><br>Counterdefendant. | Date: June 4, 2007<br>Time: 2:00 p.m.<br>Place: Courtroom of The Honorable Edward D. Jellen |

DM3\521267.1 R1068-00001    1

Defendant Ta Chong Bank Co., Ltd ("Ta Chong") having filed its Application for Extension of Time and Vacating of Motion Hearing Date ("Emergency Application") on May 25, 2007, John Kendall, Chapter 7 trustee and plaintiff herein ("Trustee") having filed opposition on the same date ("Opposition"), Lee Goldberg appearing specially on behalf of Ta Chong, Aron M. Oliner, Duane Morris LLP, appearing on behalf of Trustee, the Court having read and considered the Emergency Application and Opposition, having heard argument, and for good cause, now makes the following order:

**IT IS HEREBY ORDERED:**

1. The Trustee's Motion for Summary Judgment ("MSJ"), scheduled for June 11, 2007, at 11:00 a.m., is continued to August 6, 2007, at 10:00 a.m.;

2. Any opposition to the MSJ must be served and filed no later than July 23, 2007;

3. The Trustee may serve and file a reply on or before August 2, 2007;

4. In addition to the hearing on the MSJ on August 6, 2007, the Court orders Ta Chong to show cause why the answer it has filed was not filed in bad faith, and is in compliance with Federal Rule of Bankruptcy Procedure 9011. Ta Chong shall file a response regarding this specific issue on or before August 2, 2007;

5. The Trustee is authorized to collect all of the receivables at issue in this Adversary Proceeding, regardless of whether Ta Chong is perfected, unperfected, or has been assigned the same;

6. The Trustee will hold any and all proceeds therefrom in a segregated, interest bearing account at a depository, and the account number and name of the depository shall be provided to Mr. Goldberg, and whomever else Ta Chong designates, who shall have full access to information about said account;

DM3\521267.1 R1068-00001                     2

ORDER ON TA CHONG'S EMERGENCY APPLICATION FOR EXTENSION OF TIME – ADV PROC NO. 06-04282
Case: 06-04282     Doc #: 19     Filed: 06/13/2007     Page 2 of 4

7. The Trustee's right under Bankruptcy Code section 506(c), and any other applicable rights, shall be fully preserved, without prejudice to any arguments on behalf of Ta Chong to contest the same. In addition, the Trustee is authorized to compromise any disputed receivable in good faith, though the Trustee shall make a good faith effort to consult with Mr. Goldberg, or any other counsel Ta Chong designates, before entering into any such compromise;

8. The Court having been advised that Ta Chong or its representatives may have sent letters or communications to certain account debtors, now rules that any recipient of such a letter regarding the receivables at issue in this Adversary Proceeding may disregard it, as only the Trustee is authorized to collect the receivables at this time.

**APPROVED AS TO FORM AND CONTENT:**

/s/ Lee R. Goldberg (125706)
LEE R. GOLDBERG, Specially Appearing
For Cedric T. Chou
Attorneys for Ta Chong Bank Co., Ltd.

***END OF ORDER***

| | |
|---|---|
| 1 | **COURT SERVICE LIST** |
| 2 | |
| 3 | Lee Goldberg |
| 4 | c/o Julian Baum<br>Baum & Weems |
| 5 | 9 Tenaya Lane<br>Novato, CA 94947-4314 |
| 6 | |
| 7 | Lee R. Goldberg<br>Law Offices of Lee R. Goldberg |
| 8 | 23272 Mill Creek Drive, Suite 360-W<br>Laguna Hills, CA 92653-1641 |
| 9 | |
| 10 | Charles Novack<br>Law Office of Charles Novack |
| 11 | 409 Thirteenth Street, 10th floor<br>Oakland, CA 94612-2607 |
| 12 | Aron M. Oliner |
| 13 | Duane Morris LLP<br>One Market Plaza |
| 14 | Spear Street Tower, Suite 2000<br>San Francisco, CA 94105-1104 |

DUANE MORRIS LLP
SAN FRANCISCO

DM3\521267.1 R1068-00001

4

ORDER ON TA CHONG'S EMERGENCY APPLICATION FOR EXTENSION OF TIME – ADV PROC NO. 06-04282

Case: 06-04282   Doc #: 19   Filed: 06/13/2007   Page 4 of 4

**Entered on Docket
August 10, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: August 10, 2007

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

| | |
|---|---|
| 1 | Aron M. Oliner (SBN: 152373) |
| 2 | Geoffrey A. Heaton (SBN: 206990) |
|   | **DUANE MORRIS LLP** |
| 3 | One Market Plaza |
|   | Spear Street Tower, Suite 2000 |
| 4 | San Francisco, CA 94105-1104 |
|   | Telephone: (415) 957-3000 |
| 5 | Facsimile: (415) 957-3001 |
|   | Email: roliner@duanemorris.com |
| 6 | |
| 7 | Attorneys for Plaintiff, Counterdefendant and Chapter 7 Trustee, JOHN T. KENDALL |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 06-41544 |
| CYBERHOME ENTERTAINMENT, INC., | Chapter 7 |
| Debtor. | |
| JOHN T. KENDALL, Trustee, | Adversary Proceeding No. 06-04282 |
| Plaintiff, | **ORDER GRANTING MOTION FOR SUMMARY ADJUDICATION** |
| v. | |
| TA CHONG BANK CO., LTD., | |
| Defendant. | |
| TA CHONG BANK CO., LTD., | Date: August 6, 2007 |
| Counterclaimant, | Time: 10:00 a.m. |
| v. | Place: Courtroom of The Honorable Edward D. Jellen |
| JOHN T. KENDALL, Trustee, | |
| Counterdefendant. | |

DM3\550452.1 R1068-00001                                1

**ORDER GRANTING MOTION FOR SUMMARY ADJUDICATION – ADV PROC NO. 06-04282**

The matter having come for hearing on August 6, 2007, at 10:00 a.m., before The Honorable Edward D. Jellen, Aron M. Oliner, Duane Morris LLP appearing on behalf of Plaintiff John T. Kendall ("Plaintiff"), James S. Monroe, Nixon Peabody LLP appearing on behalf of Ta Chong Bank Co., Ltd. ("Defendant"), the Court having read and considered the Motion, and having received the Notice of Non-Opposition filed on behalf of Defendant on or about August 3, 2007, now makes the following order:

1. Plaintiff's Motion for Summary Adjudication is granted;

2. Defendant's security interest in the Debtor's receivables and inventory and proceeds is unperfected;

3. Defendant's unperfected security interest in the Debtor's receivables and inventory and proceeds is avoided by operation of law; and

4. Defendant holds no lien whatsoever on any receivables and inventory and proceeds of the Debtor's bankruptcy estate.

**NIXON PEABODY LLP**

  /s/ James S. Monroe (102328)
      JAMES S. MONROE
Attorneys for Ta Chong Bank Co., Ltd.,
          Defendant

***END OF ORDER***

DM3\550452.1 R1068-00001   2

**ORDER GRANTING MOTION FOR SUMMARY ADJUDICATION – ADV PROC NO. 06-04282**
Case: 06-04282   Doc #: 23   Filed: 08/10/2007   Page 2 of 3

**COURT SERVICE LIST**

United States Trustee, Region 17
United States Department of Justice
1301 Clay Street, Suite 690N
Oakland, CA 94612-5217

James S. Monroe
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600

Aron M. Oliner
Duane Morris LLP
One Market Plaza
Spear Street Tower, Suite 2000
San Francisco, CA  94105-1104