1  RICHARD C. VASQUEZ /CA SB # 127228
   AVIN P. SHARMA /CA SB# 233328
2  VASQUEZ BENISEK & LINDGREN LLP
   3685 Mt. Diablo Blvd, Suite 300
3  Lafayette, CA  94549
   Telephone:    (925) 627-4250
4  Facsimile:    (925) 403-0900
   rvasquez@vbllaw.com
5  asharma@vbllaw.com

6
   Attorneys for Defendant HITACHI HIGH TECHNOLOGIES
7  AMERICA, INC., a Delaware Corporation

8                     **UNITED STATES DISTRICT COURT**

9                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  TA CHONG BANK LTD., | Case No:   C-08-02452-PJH |
| 12          Plaintiff, | **DEFENDANT HITACHI HIGH TECHNOLOGIES AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |
| 13       v. | |
| 14  HITACHI HIGH TECHNOLOGIES AMERICA, INC., a Delaware Corporation; and DOES 1-10, inclusive, | Date: July 9, 2008<br>Time: 9:00 a.m.<br>Judge: The Honorable Phyllis J. Hamilton<br>Dept:  Ctrm 3, 17th Floor |
| 15 | |
| 16          Defendants. | |

17

18

19

20

21

22

23

24

25

26

27

28

---

**HTA'S REPLY ISO MTD**
**CASE NO: C08-02452-PJH**

## I. **INTRODUCTION**

Plaintiff Ta Chong Bank Ltd. ("Ta Chong") argues in its Opposition that the bankruptcy proceeding filed by CyberHome Entertainment, Inc. ("CyberHome") is unrelated to the claims asserted against Hitachi High Technologies America, Inc. ("HTA") by Ta Chong in this action, and that the adversary proceeding filed by the U.S. Trustee is irrelevant. In fact, all 31 of the invoices which form the basis for Ta Chong's claims herein against HTA are the subject of the Proof of Claim filed by Ta Chong in the bankruptcy proceeding -- as is the factoring agreement, and HTA's purported acknowledgment of that agreement, on which Ta Chong likewise relies in the claims made against HTA in this proceeding. The two proceedings could not be tied more closely together, and that close and direct relationship, which Ta Chong wishes to ignore, has two consequences.

First, the Bankruptcy Court already determined that Ta Chong has no security interest in, or lien on, CyberHome's accounts receivable, and ordered that Ta Chong cease and desist from its efforts to collect those receivables from CyberHome's account debtors -- which include HTA.

Second, Ta Chong's filing of its Proof of Claim in the bankruptcy proceeding is plainly inconsistent with the claims asserted by Ta Chong against HTA in this proceeding. In the bankruptcy proceeding, Ta Chong is claiming that it is an unsecured creditor of CyberHome to the extent any of CyberHome's receivables that Ta Chong financed under and pursuant to the terms of its factoring agreements with CyberHome. By contrast, in this proceeding Ta Chong is asserting that HTA supposedly knew about the factoring agreement, and should have paid certain monies to Ta Chong and not to CyberHome. Thus, the same amount of money, and the same invoices, are at stake in both proceedings.

Clearly, Ta Chong has no right to collect that same amount of money twice, from both the debtor in the bankruptcy proceeding and one of its account debtors, based on two different legal theories. These inconsistent pleadings cannot be reconciled, and accordingly this Court should dismiss this proceeding under the doctrine of judicial estoppel.

HTA respectfully submits that its Motion to Dismiss should be granted based either on (a) Ta Chong's attempt to collect amounts allegedly owed to it by virtue of its factoring

1 agreements with CyberHome in violation of an order of the United States Bankruptcy Court that
2 it cease and desist from doing so, or (b) Ta Chong's improper efforts to maintain two inconsistent
3 proceedings against two separate defendants to collect the same amount of money, in violation of
4 the doctrine of judicial estoppel.

5     **II.**    **LEGAL ARGUMENT**

7     A. **TA CHONG CANNOT CLAIM THE BANKRUPTCY COURT HAS NO INTEREST IN THE CLAIMS AT ISSUE IN THIS ACTION**.

9 In its opposition, Ta Chong argues that (1) the bankruptcy estate has no property interest
10 in Ta Chong's claim against HTA, (2) the preference action is irrelevant to Ta Chong's claim,
11 and (3) any decision from the bankruptcy court has no affect on anything that occurred pre-
12 bankruptcy. Ta Chong's Memorandum of Points and Authorities in Opposition to Defendant's
13 Motion to Dismiss ( "Opp."), pgs. 6-7. However, Ta Chong cannot credibly claim the
14 bankruptcy estate has no interest in the CyberHome receivables, which form the basis for the
15 claims asserted by Ta Chong against HTA, when Ta Chong has previously filed a Proof of Claim
16 in the bankruptcy proceeding claiming an interest in those very same accounts receivable.

17 CyberHome filed a proceeding under Chapter 7 of the U.S. bankruptcy laws on
18 September 5, 2006. Ta Chong's Complaint for Money ("Complaint"), ¶ 11. On December 19,
19 2006, the U.S. Trustee initiated an adversary proceeding against Ta Chong. HTA's Request for
20 Judicial Notice ("RJN"), Exhibit A. On February 2, 2007, Ta Chong filed a Counterclaim in the
21 adversary proceeding. See Declaration of Avin P. Sharma in Support of HTA's Supplemental
22 Request for Judicial Notice ("Sharma Decl."), Exhibit A. In the Counterclaim, Ta Chong
23 attached and incorporated the Proof of Claim it filed on December 22, 2006 in the bankruptcy
24 proceeding ("Proof of Claim"). *Id*. In the Proof of Claim, Ta Chong submitted two sets of
25 documents regarding CyberHome's accounts receivable. <u>First</u>, Ta Chong included a letter from
26 CyberHome to HTA that Ta Chong described as an "Introductory Letter." Sharma Decl., Exhibit
27 A, Exhibit 9. In this proceeding, Ta Chong attaches a copy of that same letter as Exhibit 7 of the
28 Complaint. Ta Chong alleges that the letter put HTA on notice of Ta Chong's factoring

2

**HTA'S REPLY ISO MOTION TO DISMISS**
**CASE NO: C08-02452-PJH**

1  agreement with CyberHome.  Complaint, ¶ 9.  <u>Second</u>, Ta Chong includes, as Exhibit 10 to its

2  Proof of Claim, a list of 52 invoices issued by CyberHome to HTA to reflect the amount of the

3  accounts receivable due from HTA based on its purchase of products from CyberHome.

4        In the instant proceeding, Ta Chong includes copies of 31 invoices from its Proof of

5  Claim in the bankruptcy proceeding as Exhibit 1 to the Complaint herein.  Ta Chong includes

6  copies of these very same invoices in the Complaint as the basis for the amount HTA allegedly

7  owes Ta Chong.  Complaint ¶¶ 11-12.  To assist the Court, the following chart shows where each

8  of the 31 invoices attached to the Complaint also appears in Ta Chong's Proof of Claim:

| <u>Information from Exhibit 10 of Proof of Claim</u> | | | Page number in Exh. 1 to the Complaint |
|---|---|---|---|
| Invoice No. | Inv. Date | Inv. Amount | |
| **69983** | **08/18/05** | **$113,088** | **Pg. 1** |
| **69984** | **08/18/05** | **$28,272** | **Pg. 2** |
| **69985** | **08/18/05** | **$63,612** | **Pg. 3** |
| **69986** | **08/18/05** | **$49,476** | **Pg. 4** |
| **69988** | **08/18/05** | **$98,952** | **Pg. 5** |
| **70104** | **08/18/05** | **$28,272** | **Pg. 6** |
| **70105** | **08/18/05** | **$42,408** | **Pg. 7** |
| **70435** | **08/19/05** | **$37,629** | **Pg. 8** |
| **70436** | **08/19/05** | **$23,730** | **Pg. 9** |
| **70437** | **08/19/05** | **$27,120** | **Pg. 10** |
| **70438** | **08/19/05** | **$23,730** | **Pg. 11** |
| **70439** | **08/19/05** | **$13,560** | **Pg. 12** |
| **70440** | **08/19/05** | **$27,120** | **Pg. 13** |
| **70441** | **08/19/05** | **$20,340** | **Pg. 14** |
| **70442** | **08/19/05** | **$27,120** | **Pg. 15** |
| **70445** | **08/19/05** | **$25,086** | **Pg. 16** |
| **71642** | **09/13/05** | **$199,332** | **Pg. 17** |
| **71644** | **09/13/05** | **$56,952** | **Pg. 28** |
| **71645** | **09/13/05** | **$56,952** | **Pg. 27** |
| **71649** | **09/13/05** | **$33,900** | **Pg. 18** |
| **71650** | **09/13/05** | **$33,900** | **Pg. 31** |
| **71651** | **09/13/05** | **$20,340** | **Pg. 19** |
| **71652** | **09/13/05** | **$16,950** | **Pg. 20** |
| **71653** | **09/13/05** | **$8,136** | **Pg. 29** |
| **71654** | **09/13/05** | **$13,560** | **Pg. 21** |
| **71655** | **09/13/05** | **$16,272** | **Pg. 22** |
| **71656** | **09/13/05** | **$16,950** | **Pg. 23** |
| **71657** | **09/13/05** | **$33,900** | **Pg. 24** |

3

**HTA'S REPLY ISO MOTION TO DISMISS**
**CASE NO: C08-02452-PJH**

| 71658 | 09/13/05 | $33,900 | Pg. 25 |
| 71844 | 09/13/05 | $13,560 | Pg. 30 |
| 71846 | 09/13/05 | $10,848 | Pg. 26 |

Ta Chong cannot ignore the position it asserted in the bankruptcy proceeding and the orders of the bankruptcy court, sue HTA in this Court, and now argue that the bankruptcy proceeding is irrelevant or that the estate has no interest in the claims asserted in this action. The bankruptcy court previously held that only the U.S. Trustee and <u>not Ta Chong</u>, is authorized to collect amounts that may be owed to CyberHome by its account debtors, and has previously ordered Ta Chong to cease and desist from attempting to do so. RJN, Exhibit B. The bankruptcy court has also previously held that Ta Chong's interest in CyberHome's accounts receivable is unsecured and that Ta Chong has no lien on any of CyberHome's receivables. See RJN, Exhibit C. Therefore, Ta Chong cannot maintain an action in this Court to collect monies from HTA which are the subject of Ta Chong's Proof of Claim in the bankruptcy proceeding. To do so is to skirt the orders of the bankruptcy court.

### B. **TA CHONG IS JUDICIALLY ESTOPPED FROM TAKING INCONSISTENT POSITIONS IN SEPARATE COURTS**.

This Court should dismiss Ta Chong's claims against HTA under the doctrine of judicial estoppel, because Ta Chong asserted inconsistent positions in separate court proceedings. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position and then later seeking an advantage by taking an inconsistent position." *Dumas v. New United Motor Manufacturing Inc.*, No. C 05-4702 PJH, 2007 U.S. Dist. LEXIS, 30042 at *11-12 (N.D. Cal. April 24, 2007) (citing *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001)). While Ta Chong's attempt to assert a first and prior security interest in CyberHome's receivables in the bankruptcy proceeding was unsuccessful, Ta Chong nevertheless continues to hold and assert an unsecured claim to CyberHome's receivables in that proceeding -- including all 31 of the invoices which form the basis of Ta Chong's Complaint against HTA in this proceeding. Concurrently with the position it has taken in the bankruptcy

4

1 proceeding, Ta Chong now asserts a total of three different theories in this proceeding to collect
2 an amount of money from HTA represented by 31 of the very same invoices on which its Proof
3 of Claim in the bankruptcy proceeding is predicated. Clearly, Ta Chong cannot maintain both its
4 Proof of Claim in the bankruptcy proceeding and its Complaint in this proceeding without
5 running afoul of the doctrine of judicial estoppel.[1]

C. **TA CHONG'S PRESENT ACTION AGAINST HTA DIRECTLY CONTRAVENES THE BANKRUPTCY COURT'S ORDER**.

In addition to glossing over the bankruptcy proceedings, Ta Chong's Opposition also ignores the fact that the present action against HTA is in contravention of an order issued by the bankruptcy court. The bankruptcy court's order in the adversary proceeding instructed the account debtors to disregard any communications by Ta Chong regarding receivables at issue. The order held that "only the Trustee is authorized to collect receivables at this time." RJN, Exhibit B. Ta Chong cannot flout the bankruptcy court's order by disguising an unauthorized collection letter in the form of this collection suit against HTA.

**III.   CONCLUSION**

Based on the foregoing, HTA respectfully requests that this Court find that Ta Chong's complaint fails to state a claim and grant HTA's motion to dismiss.

---

[1] In its Opposition, Ta Chong makes the baffling statement that the bankruptcy proceeding is somehow irrelevant to the claims asserted by Ta Chong against HTA in this proceeding, because those claims arose prior to CyberHome's bankruptcy. The entire purpose of a bankruptcy proceeding is to discharge debts which arose prior to the date on which the proceeding was filed. Thus, Ta Chong's statement makes little or no sense. In any event, it provides Ta Chong with no basis on which to argue that its Complaint against HTA should not be dismissed based on the doctrine of judicial estoppel.

5

**HTA'S REPLY ISO MOTION TO DISMISS**
**CASE NO: C08-02452-PJH**

1  DATED:  June 25, 2008                    VASQUEZ BENISEK & LINDGREN LLP

                                            By:  _____/s/_____
                                                 RICHARD C. VASQUEZ
                                                 Attorneys for Defendant HITACHI HIGH
                                                 TECHNOLOGIES AMERICA, INC., a
                                                 Delaware Corporation