1  RICHARD C. VASQUEZ /CA SB # 127228
   AVIN P. SHARMA /CA SB# 233328
2  VASQUEZ BENISEK & LINDGREN LLP
   3685 Mt. Diablo Blvd, Suite 300
3  Lafayette, CA  94549
   Telephone:    (925) 627-4250
4  Facsimile:     (925) 403-0900
   rvasquez@vbllaw.com
5  asharma@vbllaw.com

6
   Attorneys for Defendant HITACHI HIGH TECHNOLOGIES
7  AMERICA, INC., a Delaware Corporation

8                    **UNITED STATES DISTRICT COURT**

9                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11  TA CHONG BANK LTD.,                         | Case No:   C-08-02452-PJH

12              Plaintiff,                      | **DEFENDANT HITACHI HIGH TECHNOLOGIES AMERICA, INC'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

13        v.

14  HITACHI HIGH TECHNOLOGIES
    AMERICA, INC., a Delaware Corporation; and  | Judge:  The Honorable Phyllis J. Hamilton
15  DOES 1-10, inclusive,                       | Date:   July 9, 2008
                                                | Time:   9:00 a.m.
16              Defendants.                     | Dept:   Ctrm 3, 17th Floor

17

**HTA'S  SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**
**CASE NO: C08-02452-PJH**

1   Defendant Hitachi High Technologies America, Inc. ("HTA") respectfully requests this
2   Court take judicial notice of the following document:

3    1. "Counterclaim of Ta Chong Bank Ltd. for (1) Fraud; (2) Negligence; and (3) Breach
4       of Contract" filed in *John Kendall v. Ta Chong Bank Co., LTD*., Case No. 06-04282
5       in the United States Bankruptcy Court for the Northern District of California.  A true
6       and correct partial copy of the Counterclaim is attached to the Declaration of Avin P.
7       Sharma in Support of Defendant Hitachi High Technologies America, Inc's Request
8       for Judicial Notice as **Exhibit A**.

9   Fed. R. Evid. Rule 201 allows a court to take judicial notice of facts that are not subject
10  to reasonable dispute because they are "(1) generally known within the territorial jurisdiction of
11  the trial court or (2) capable of accurate and ready determination by resort to sources whose
12  accuracy cannot reasonably be questioned."  Fed. R. Evid. Rule 201.  A court may take judicial
13  notice of matters of public records.  *Moore v. Navarro*, No. 00-03213 MMC, 2004 U.S. Dist.
14  LEXIS 6039, *5-6, (N.D.Cal April 5, 2004).  A document filed in a bankruptcy proceeding is a
15  matter of public record.  11 U.S.C. § 107.  In addition, documents filed in other legal
16  proceedings are matters of public records subject to judicial notice.  *Mullis v. United States*
17  *Bankruptcy Court*, 828 F.2d 1385, 1388, fn. 9 (9th Cir. 1987) (Court took judicial notice of
18  pleadings and orders "in the underlying bankruptcy case."); *Esoimeme v. United Airlines, Inc*.,
19  369 B.R. 531, 533, fn.2 (N.D. Cal 2007) (district court took judicial notice of voluntary petition
20  and bankruptcy court's orders); *Slali v. Ruiz (In re Slali)*, 282 B.R. 225, 228, fn. 2 (C.D. Cal
21  2002) (district court took judicial notice of proof of claim submitted in bankruptcy proceeding).

22  Here, the Counterclaim is subject to judicial notice as Ta Chong filed this pleading in the
23  bankruptcy proceeding and thus it is a public record subject to judicial notice.  Accordingly,
24  HTA respectfully requests this Court to grant judicial notice of the above listed document.

25
26
27
28

**HTA'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**
**CASE NO: C08-02452-PJH**

1  DATED:  June 25, 2008                    VASQUEZ BENISEK & LINDGREN LLP

                                            By: _____/s/_____
                                                AVIN P. SHARMA
                                                Attorneys for Defendant HITACHI HIGH
                                                TECHNOLOGIES AMERICA, INC., a
                                                Delaware Corporation