RICHARD C. VASQUEZ /CA SB # 127228
AVIN P. SHARMA /CA SB# 233328
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd, Suite 300
Lafayette, CA  94549
Telephone:     (925) 627-4250
Facsimile:     (925) 403-0900
rvasquez@vbllaw.com
asharma@vbllaw.com

Attorneys for Defendant HITACHI HIGH TECHNOLOGIES
AMERICA, INC., a Delaware Corporation

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TA CHONG BANK LTD., | Case No:    C-08-02452-PJH |
| Plaintiff, | **DECLARATION OF AVIN P. SHARMA IN SUPPORT OF DEFENDANT HITACHI HIGH TECHNOLOGIES AMERICA, INC'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| HITACHI HIGH TECHNOLOGIES AMERICA, INC., a Delaware Corporation; and DOES 1-10, inclusive, | Date:  July 9, 2008 |
| | Time:  9:00 a.m. |
| Defendants. | Judge:  The Honorable Phyllis J. Hamilton |
| | Dept: Ctrm 3, 17th Floor |

I, Avin P. Sharma, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California.  I am an attorney at Vasquez, Benisek & Lindgren LLP and counsel for defendant Hitachi High Technologies America, Inc., ("HTA") in the above captioned action.  I know the facts stated herein to be true and correct based on my personal knowledge, and if called to testify, I could and would testify competently thereto.

2.      Attached here as **Exhibit A** is a true and partial copy of the "Counterclaim of Ta Chong Bank Ltd. for (1) Fraud; (2) Negligence; and (3) Breach of Contract"  ("Counterclaim") filed on February 2, 2007 in *John Kendall v. Ta Chong Bank Co., LTD*., Case No. 06-04282 in the United States Bankruptcy Court for the Northern District of California.  **Exhibit A** contains the Counterclaim and Exhibits 9 and 10 of the Proof of Claim, which is attached and incorporated by reference in the Counterclaim.

3.      A complete copy of the Counterclaim with the attached Proof of Claim is one hundred and forty six (146) pages, and so for purposes of brevity, Exhibit A only contains the Counterclaim, and two (2) of the twenty-six (26) exhibits of the Proof of Claim, which HTA cites in its reply brief in support of its motion to dismiss.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 25, 2008 at Lafayette, California.


_____/s/_____

Avin P. Sharma

**DECL. OF APS ISO HTA'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE
CASE NO: C08-02452-PJH**

# Exhibit A

1 | Corporate Strategists
Attorneys at Law
2 | Cedric T. Chou SBN 152583
James A. Shalvoy SBN 129503
3 | 1201 Morningside Drive
Suite 215
4 | Manhattan Beach, CA 90266
Tel 310-796-0447
5 | Fax 310-796-0277
chou@csfirm.com
6 | shalvoy@csfirm.com

**FILED**

**FEB - 2 2007**

**BANKRUPTCY COURT**
**OAKLAND, CALIFORNIA**

7 | Attorneys for Secured Creditor,
Defendant, and Counterclaimant
8 | Ta Chong Bank Ltd.
erroneously sued and served as
9 | Ta Chong Bank Co., Ltd.

10

11          UNITED STATES BANKRUPTCY COURT

       NORTHERN DISTRICT OF CALIFORNIA
12

           OAKLAND DIVISION
13

14

15 | In re:              ) Case No. 06-41544 J7
                   ) (Chapter 7)
16 | CYBERHOME ENTERTAINMENT, INC.  )
                   ) Adv. No. 06-04282
17 |        Debtor.        )
                   ) **COUNTERCLAIM OF TA**
                   ) **CHONG BANK LTD. FOR:**
18 |                    ) **(1) FRAUD; (2) NEGLIGENCE;**
                   ) **AND (3) BREACH OF CONTRACT**
19 |                    )
                   )
20 | _____)
                   )
21 |                    )
  JOHN T. KENDALL, Trustee,    )
22 |                    )
       Plaintiff,     )
23 |                    )
                   )
24 |        v.          )
                   )
25 | TA CHONG BANK CO., LTD.,    )
                   )
26 |        Defendant.     )
                   )
27 | _____)
                   )
28 | TA CHONG BANK LTD.,      )

1

|   |   |   |
|---|---|---|
| 1 | Counterclaimant, | ) |
| 2 |  | ) |
|   |  | ) |
| 3 | v. | ) |
|   |  | ) |
| 4 | JOHN T. KENDALL, Trustee, | ) |
|   |  | ) |
| 5 | Counterdefendant. | ) |
| 6 | ―――――――――――――――――――――― | ) |

7      Secured creditor, defendant, and counterclaimant Ta

8  Chong Bank Ltd. ("counterclaimant" or "TCB"), erroneously sued

9  and served as Ta Chong Bank Co., Ltd., herein files this

10  counterclaim against counterdefendant Chapter 7 Trustee John T.

11  Kendall ("counterdefendant" or "Trustee"), in his capacity as

12  Chapter 7 Trustee for the estate of debtor CyberHome

13  Entertainment, Inc., Adv. No. 06-04282 and plaintiff in the

14  underlying adversary proceeding, and not personally, for (1)

15  fraud; (2) negligence; and (3) breach of contract, and in support

16  thereof, alleges as follows:

17      1.  This Court has jurisdiction pursuant to 28 U.S.C.

18  1334, 151, and 157.

19      2.  Venue is proper pursuant to 28 U.S.C. 1409.

20      3.  This counterclaim is a core proceeding as that term

21  is defined at 28 U.S.C. 157(b)(2)(A),(B),(E),(F),(K) and (O).

22      4.  This Court may enter final judgment herein, subject

23  to review by the United States District Court under 28 U.S.C. 158

24      5.  In support of it allegations, TCB attaches hereto

25  and incorporates herein by this reference TCB's proof of claim,

26  together with all allegations and supporting exhibits contained

27  therein and attached thereto, that was timely filed in this

28  matter on December 22, 2006.

1      WHEREFORE, TCB prays for the following relief:

2          1.  As to all claims and causes of action, for judgment

3  in its favor and against counterdefendant according to proof;

4          2.  For all costs of suit incurred herein;

5          3.  For such other and further relief as the Court

6  deems proper.

7

8  Dated: February  l , 2007      Corporate Strategists

9

10

11                              _____

12                              Cedric T. Chou
                                James A. Shalvoy
13                              Attorneys for Secured Creditor,
                                Defendant, and Counterclaimant
                                Ta Chong Bank Ltd.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
**PROOF OF SERVICE**
**In re Cyberhome Entertainment, Inc.**
2
**Case No. 04-41544 J7**

3        I, James A. Shalvoy, declare:

4        1.   I am over the age of 18 and not a party to the

5    within action.  My business address is 1201 Morningside Drive,

6    Suite 215, Manhattan Beach, California 90266.

7        2.   On February 1, 2007, I served documents described

8    as:

9            Answer of defendant Ta Chong Bank Ltd. to complaint for
            (1) avoidance and recovery of preferential transfers;
10           (2) determination of extent, validity and priority of
            lien; (3) declaratory relief; (4) turnover and
11           accounting of estate property; and (5) objection to
            claim
12
            Counterclaim of Ta Chong Bank Ltd. for (1) fraud; (2)
13           negligence; and (3) breach of contract

14    on the parties to this action by causing same to be transmitted

15    by Federal Express, or U.S. Mail, as indicated, addressed to:

16
            Stephen T. O'Neill
17           Law Offices of Murray and Murray
            19400 Stevens Creek Blvd., Suite 200
18           Cupertino, CA 95014
            U.S. Mail
19
            Aron M. Oliner
20           Duane Morris LLP
            One Market Plaza
21           Spear Street Tower, Suite 2000
            San Francisco, CA 94105
22           Federal Express

23           United States Trustee
            1301 Clay Street, Suite 690N
24           Oakland, CA 94612
            U.S. Mail
25

26        I declare under penalty of perjury under the laws of

27    the United States of America that the foregoing is true and

28    correct.  Executed at Manhattan Beach, California on February

1

1  1, 2007.



2

FORM B10 (Official Form 10) (10/

| UNITED STATES BANKRUPTCY COURT __Northern__ DISTRICT OF __California__ | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>CyberHome Entertainment, Inc. | Case Number<br>06-41544 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor (The person or other entity to whom the debtor owes money or property):**

Ta Chong Bank Ltd.

**Name and address where notices should be sent:**
11F No. 2, Sec 5 Shin-Yi Rd
Taipei, Taiwan, R.O.C.
**Ta Chong Bank Ltd.**
Telephone number: **886-2-8723-2521**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**ORIGINAL FILED**
DE**C** 2 2 2006
**BANKRUPTCY COURT**
OAKLAND, CALIFORNIA

THIS SPACE IS FOR COURT USE ONLY

**Last four digits of account or other number by which creditor identifies debtor:**

Check here ☐ replaces
if this claim ☐ amends   a previously filed claim, dated:_____

**1. Basis for Claim – See Attachment #1**
☐ Goods sold
☐ Services performed
☑ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☑ Other Breach of contract/tort claims

guaranteed amounts/factored accounts from

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
   (date)        (date)

**2. Date debt was incurred:**
Beginning approx. 2001

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim $_____**

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,000), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☑ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☑ Other

**Recorded**
**UCC-1**

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**
$_____  Appx. $83,000,000  $83,000,000
  (unsecured)   (secured)   (priority)   (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date<br>12/21/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any.)<br><br>James A. Shalvoy (POA attached) |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**In re: CyberHome Entertainment, Inc., debtor**
**United States Bankruptcy Court**
**Northern District of California**
**Case Number 06-41544, Chapter 7**
**Ta Chong Bank Ltd. ("TCB"), as creditor**

ATTACHMENT #1 TO
PROOF OF CLAIM

     Creditor Ta Chong Bank Ltd. ("TCB") files this proof of claim ("POC") in order to perfect its claim and protect its rights with respect to (1) amounts it loaned ("loans") to debtor CyberHome Entertainment, Inc. ("CEI"), (2) amounts it loaned to Citron Electronic Co., Ltd. ("Citron") and amounts otherwise advanced on behalf of and at the request of Citron and which were guaranteed by CEI ("guaranteed amounts"), (3) factored accounts it has purchased from CEI, and (4) claims TCB has or may have against CEI sounding in contract or tort and arising out of or in connection with the loans, the guaranteed amounts, or the factored accounts. Attached hereto are documents supporting TCB's secured claim against CEI.  TCB specifically reserves its right to amend and supplement this POC and the documentation in support thereof. With respect to the factored accounts and claims it may have sounding in contract or tort, TCB states that it files this POC also as a precaution and without prejudice or in any way admitting that TCB does not own, free and clear, the factored accounts. TCB factored, purchased outright, and is the owner free and clear of certain CEI receivables, and it files this POC with respect to those factored accounts in the event that a judicial or other determination is made that the factored accounts are in fact not owned by TCB but are, instead, simply security for additional loans made by TCB to CEI. Certain documents attached hereto are in the original Chinese; versions of these documents translated into English will be filed as soon as they are available.



**Ta Chong Bank Ltd**
Corporate Banking Dept.
11F, No.2, Sec.5, Shin-Yi Rd, Taipei, Taiwan, R.O.C.
TEL:886-2-8723-2521    FAX: 886-2-8786-9997

## POWER OF ATTORNEY

Ta Chong Bank Ltd., 11F No. 2, Sec 5 Shin-Yi Road, Taipei, Taiwan, R.O.C.,

("Bank") hereby appoints    James A. Shalvoy, 1201 Morningside Drive, Suite 215, Manhattan

Beach, California 90266 as its Attorney-in-Fact ("Agent").

Bank hereby appoints Agent to execute on its behalf, and do any other act

necessary or appropriate to prepare and file, a Proof of Claim form in the matter In re

CyberHome Entertainment, Inc., Case No. 06-41544, currently pending in the United States

Bankruptcy Court, Northern District of California, Oakland Division.

This Power of Attorney shall become effective immediately, and may be revoked

by Bank at any time by providing written notice to Agent.

Dated: December  21ᵗʰ, 2006                    Ta Chong Bank Ltd.

                                                _Wen, Chun-Shen_
                                                _____
                                                Name:    Chun-Shen Wen
                                                Title:    Vice President & Deputy General Manager



**Ta Chong Bank Ltd**
Corporate Banking Dept.
11f, No.2, Sec.5, Shin-Yi Rd, Taipei, Taiwan, R.O.C.
TEL:886-2-8723-2521    FAX: 886-2-8786-9997

POWER OF ATTORNEY

Ta Chong Bank Ltd., 11F No. 2, Sec 5 Shin-Yi Road, Taipei, Taiwan, R.O.C.,

("Bank") hereby appoints    James A. Shalvoy, 1201 Morningside Drive, Suite 215, Manhattan

Beach, California 90266 as its Attorney-in-Fact ("Agent").

Bank hereby appoints Agent to execute on its behalf, and do any other act

necessary or appropriate to prepare and file, a Proof of Claim form in the matter In re

CyberHome Entertainment, Inc., Case No. 06-41544, currently pending in the United States

Bankruptcy Court, Northern District of California, Oakland Division.

This Power of Attorney shall become effective immediately, and may be revoked

by Bank at any time by providing written notice to Agent.

Dated: December  21th , 2006                    Ta Chong Bank Ltd.

                                                *Wen, Chun-Shen*
                                                Name:   Chun-Shen Wen
                                                Title:   Vice President & Deputy General Manager

**In re: CyberHome Entertainment, Inc., debtor**
**United States Bankruptcy Court**
**Northern District of California**
**Case Number 06-41544, Chapter 7**
**Ta Chong Bank Ltd. ("Bank"), as creditor**

INDEX OF DOCUMENTS
ATTACHED TO
PROOF OF CLAIM

| Exhibit | Description |
|---|---|
| 1 | UCC-1 Financing Statement filed by Bank |
| 2 | Master Agreement between Bank and CyberHome, as of 03/23/05 (in Chinese and English as one document) |
| 3 | Promissory Note by CyberHome, Thomas Chen [Chen Han Chin], Eric Huang [Huang Hsun Ai] and Alex Chen [Chen Wen Ho] to Bank, as of 11/30/05, in the sum of US$140,000,000 (in Chinese) |
| 4 | Borrowing Note by CyberHome to Bank, as of 1 1/30/05, in the sum of US$14,000,000 (in Chinese) |
| 5 | Promissory Note by CyberHome, Thomas Chen [Chen Han Chin], Eric Huang [Huang Hsun Ai] and Alex Chen [Chen Wen Ho] to Bank, as of 11/30/05, in the sum of US$24,000,000 (in Chinese) |
| 6 | Factoring Agreement between CyberHome and Bank, as of 1 1/30/05 (in Chinese) |
| 7 | Introductory Letter between CyberHome and W al-Mart Stores, Inc., as of 06/30/05 (in English |
| 8 | Wal-Mart Invoice List |
| 9 | B-14-B Introductory Letter between CyberHome and Hitachi High Technologies America, as of 08/18/05 (in English) |
| 10 | Hitachi Invoice List |
| 11 | Introductory Letter between CyberHome and Target Stores, as of 08/18/05 (in English) |
| 12 | Target Invoice List |

13     Introductory Letter between CyberHome and Circuit City Stores, Inc. as of 08/18/05 (in English)

14     Circuit City Invoice List

15     Statement of Assets and Liabilities of Lending by Bank's OBU Branch as of December 12, 2006 on CyberHome

16     Statement of Assets and Liabilities of Purchase Price Advancement – Non-Recourse Type - by Bank's OBU Branch as of December 12, 2006 on CyberHome

17     Master Agreement between Bank and Citron, as of 04/07/06 (in Chinese and English)

18     Credit Facility Agreement between Bank and Citron, as of 04/07/06, in US$31,760,000 (in Chinese and English as one document)

19     Board Minutes of CyberHome approving being Guarantor for Citron, as of 12/20/05 (in Chinese) **[not attached - to be provided]**

20     Board Minutes of CyberHome approving being Guarantor for Citron, as of 04/20/06 (in Chinese)

21     Letter of Continuing Guarantee by CyberHome for Citron for its debt to Bank, as of 04/20/06, in US$31,760,000 (in Chinese and English as one document)

22     Promissory Note by CyberHome, Global Top International, Ltd. ("Global Top") and Huang Hsun Ai, as of 04/20/06 in US$21,760,000 (in Chinese)

23     Promissory Note by CyberHome, Global Top and Huang Hsun Ai, as of 04/20/06 in US$10,000,000 (in Chinese)

24     Promissory Note by Citron, CyberHome and Global T op, as of 02/14/06, in NT$1,400,000,000 (in Chinese)

25     Statement of Assets and Liabilities of Lending by Bank's OBU Branch as of December 12, 2006 on Citron

26     E-Finacne Daily Statement of Overdue Purchase Price Advancement by Bank's OBU Branch as of December 12, 2006 on Citron

# Exhibit 9

# To

# Proof of Claim

(Exhibits 1-8 and 11-26 of the Proof of Claim were intentionally excluded from this copy of the Counterclaim)



**CyberHome**

CyberHome Entertainment, Inc.
48350 Fremont Boulevard
Fremont, CA 94538

T 510.226.5800
F 510.226.3800

## INTRODUCTORY LETTER

8/18/2005

Dear Hitachi High Technologies America, Inc.,

We would like to inform you that the attached account has been assigned to Ta Chong Bank.

Ta Chong Bank provides a sales ledger management service which will relieve us of much of our routine book-keeping work and enable us to put our resources to more productive use.

Essentially, Ta Chong Bank now becomes your creditor and payment of this account should be made direct to them. Such payment will, of course, fully discharge any indebtedness of your part.

Effective    9/1/2005   , all invoices from us will bear an assignment clause indicating that payment is to be direct to :

**Ta Chong Bank Ltd.**
International Business Dept
7F No.21, Lane 583, Jui-Kung Rd.
Taipei, Taiwan

From this date, please make all payments for our invoices directly to
**WIRE:**
**TA CHONG BANK LTD.**
**Bank account at:**
**Citibank N.A. New York**
**SWIFT CODE: CITIUS33**
**Account Number: 36089983**
**Reference:    Further credit to CyberHome Entertainment, Inc.**
          **Account (#) 019-31-0009132**

**CHECK/DRAFT:**
**TA CHONG BANK LTD.**
**P.O. BOX 7247-6163**
**PHILADELPHIA, PA 19170-6163**
(Check/Draft must be drawn on a US Bank in USD Currency)

!

**CyberHome**

CyberHome Entertainment.
48350 Fremont Boule
Fremont, CA 9:
T 510.226.5
F 510.226.3

Regular remittance information should, of course, be included.

We believe that this arrangement will assist us in offering you the best service possible. Apart from these new payment procedures, our business relationship remains the same. We appreciate your business and look forward to a long and mutually satisfactory relationship.

In addition, please fill out the following information for our factor – Ta Chong Bank further contact:

(1) Name of buyer's contact person: Doug Kraneman

(2) Department: Electronic Products Division

(3) Position: Asst. Manager/Sales Administration

(4) TEL. No: 847-273-4343

(5) FAX. No: 847-273-4407

(6) E-mail address: doug.kraneman@hitachi-hta.com

Yours faithfully,

Authorized Signature (Seller's signature)

Receipt  Acknowledged (Buyer's signature)

Authorized Signature

Name: Michael L. Levans

Position: Vice President & General Manager



CyberHome Entertainment, Inc
48455 Fremont Boulevar
Fremont, CA 9453

T 510.226.272
F 510.226.272

HITACHI HIGH TECH AMERICA, INC.

10 North Martingale Road, Suite#500

Schaumburg, IL 60173

**Attn:   Accounts Payable**

Dear Sirs:

We have entered into an export factoring agreement with an International Factor located in the United States. Their services will relieve us of much of our routine bookkeeping work and enable us to put our resources to more productive use.

As a result of these arrangements, **effective Mar. 01, 2004**, all our invoices to you will bear a notice that **payment thereof is to be made to:**

> This invoice is assigned to, owned by, and payable only to:
>
> **THE CIT GROUP/COMMERCIAL SERVICES, INC.**
>
> **P.O. Box 1036**
>
> **Charlotte, NC 28201-1036**
>
> to whom notice must be given of any merchandise returns or claims. Payment made to any other party does not constitute valid payment of this invoice.

Thus, The CIT Group/Commercial Services, Inc. becomes your creditor in our place in respect of suppliers and payments of amounts due. Such transactions must be made in accordance with their payments instructions and in the currency of invoice.

Any queries or claims arising after receipt by you of merchandise from us should be notified to The CIT Group/Commercial Services, Inc. as well as to ourselves.

Apart from the foregoing, the relations between us remain unchanged and you should continue to place orders with our agent or with us.

We feel sure that this change in procedure will be of benefit to our customers as well as to ourselves. If you should have any questions, please contact us or The CIT Group/Commercial Services, Inc. who will be most happy to answer any questions you may raise with regards to this arrangement or to your account in future.

Yours faithfully,

Cyberhome Entertainment, Inc.

---

To: The CIT Group/Commercial Services, Inc.

We acknowledge receipt of this letter and confirm that payments will be made to you in accordance with the assignment notice contained herein.

Name

7/11/04

Date

大眾銀行

# 應收帳款承購同意書

日期：

致     CyberHome Entertainment , Inc     統一編號     USCC0026

地址     48350 Fremont Blvd., Fremont , CA   94538 , USA.

本承購同意書係依   貴公司委託本行辦理之應收帳款承購業務及   貴公司與本行簽訂之應收帳款債權承購契約書而制定，並與契約書具同一效力。

| | | |
|---|---|---|
| 買 受 商 | Hitachi High Technologies America, Inc | |
| 統 一 編 號 | | |
| 地 址 | 10 North Martingale Road, Suite#500, Sohaumburg, IL 60173, USA. | |
| 最 長 交 易 天 期 | 120 天 | |
| 交 易 商 品 | Portable DVD、DVD Player、DVD RECORDER 等 DVD 產品 | |
| 承 購 額 度 | USD 10,000,000 元 | |
| 預 支 價 金 額 度 | USD 7,000,000 元 | |
| 預 支 價 金 成 數 | 每筆發票最高不超過 7 成 | |
| 手 續 費 | 若依本行 Lockbox 方式承作，手續 依發票金額計收手續費<br>費率為 0.4% | |
| 額 度 管 理 費 | | 依承購額度計收額度管理費 |
| 利 率 | 美金利率：逐筆議價 | 依預支價金計收利息 |
| 額度核准/變更日 | | |
| 額 度 到 期 日 | 2006/11/30 | |
| 附 註 | 一、就本件應收帳款承購：<br>☐ 貴公司應擔保買受商於債權移轉時及債務履行時之支付能力。即屬「有追索權」之應收帳款承購。<br>■ 依應收帳款債權承購契約書第三條第二款但書，貴公司毋須擔保買受商於債權移轉時及債務履行時之支付能力。即屬「無追索權」之應收帳款承購。<br>二、未收取額度管理費者，該承購額度不具承諾性質，本行對於各筆應收帳款承購之申請得依自己之判斷決定收買與否。 | |

本公司確定已接獲大眾商業銀行上述承購同意書，並接受上述所列條件。

此 致

大眾商業銀行        For and on behalf of<br>CYBERHOME ENTERTAINMENT, INC.

公司及負責人印章

Authorized Signature(s)

中 華 民 國    95    年    月    日

（第二聯：由本行收聯）

940318 修訂版

# Exhibit 10

# To

# Proof of Claim

(Exhibits 1-8 and 11-26 of the Proof of Claim were intentionally excluded from this copy of the Counterclaim)

| Total Assigned Invoice Amount | US$41,843,247.60 |
|---|---|
| Total Advanced Fund | US$27,999,780.30 |
| Total Overdue Invoice | US$41,843,247.60 |
| Total Overdue Adanved Fund | US$27,999,780.30 |

DATE:2006/10/30

| Seller Client | Buyer Cli | Invoice Da | Due Date | Interest | Original Advance Ar | Invoice Outstandin | Advanced Amount |
|---|---|---|---|---|---|---|---|

| Seller Client | Buyer Cli | Invoice Da | Due Date | Interest | Original Advance Ar | Invoice Outstandin | Advanced Amount | |
|---|---|---|---|---|---|---|---|---|
| CYBERHOME | CIRCUIT | 08/12/05 | 12/07/05 | 6.04 | 414,000.00 | 552,721.00 | 414,300.00 | 逾期 |
| CYBERHOME | CIRCUIT | 08/18/05 | 12/14/05 | 6.04 | 314,000.00 | 419,394.00 | 314,000.00 | 逾期 |
| CYBERHOME | CIRCUIT | 12/12/05 | 03/07/06 | 6.49 | 2,928,000.00 | 895,872.00 | 671,904.00 | 逾期 |
| CYBERHOME | CIRCUIT | 04/14/06 | 07/13/06 | 7.08 | 184,000.00 | 264,000.00 | 184,000.00 | 逾期 |
| CYBERHOME | CIRCUIT | 04/21/06 | 07/18/06 | 7.09 | 50,000.00 | 71,544.00 | 50,000.00 | 逾期 |
| CYBERHOME | CIRCUIT | 05/02/06 | 07/28/06 | 7.15 | 47,000.00 | 67,232.00 | 47,000.00 | 逾期 |
| CYBERHOME | CIRCUIT | 05/09/06 | 08/04/06 | 7.17 | 51,000.00 | 73,832.00 | 51,000.00 | 逾期 |
| CYBERHOME | CIRCUIT | 05/15/06 | 08/11/06 | 7.18 | 51,000.00 | 73,920.00 | 51,000.00 | 逾期 |
| CYBERHOME | CIRCUIT | 05/23/06 | 08/18/06 | 7.21 | 82,000.00 | 118,360.00 | 82,000.00 | 逾期 |
| | | | | | 2,536,875.00 | | 1,864,904.00 | |

| Seller Client | Buyer Cli | Invoice Da | Due Date | Interest | Original Advance Ar | Invoice Outstandin | Advanced Amount (non recourse) | |
|---|---|---|---|---|---|---|---|---|
| CYBERHOME | HITACHI | 08/22/05 | 12/16/05 | 6.05 | 466,000.00 | 424,080.00 | 317,572.00 | 逾期 |
| CYBERHOME | HITACHI | 08/24/05 | 12/17/05 | 6.06 | 169,000.00 | 225,435.00 | 169,000.00 | 逾期 |
| CYBERHOME | HITACHI | 09/06/05 | 12/04/05 | 5.79 | 466,000.00 | 621,984.00 | 466,000.00 | 逾期 |
| CYBERHOME | HITACHI | 09/19/05 | 12/12/05 | 5.91 | 1,054,000.00 | 1,406,172.00 | 1,054,000.00 | 逾期 |
| | | | | | 2,677,671.00 | | 2,006,572.00 | |

| Seller Client | Buyer Cli | Invoice Da | Due Date | Interest | Original Advance Ar | Invoice Outstandin | Advanced Amount (non recourse) | |
|---|---|---|---|---|---|---|---|---|
| CYBERHOME | TARGET | 07/14/05 | 10/11/05 | 5.62 | 3,332,000.00 | 3,759,360.00 | 2,819,360.00 | 逾期 |
| CYBERHOME | TARGET | 08/03/05 | 10/27/05 | 5.74 | 1,078,000.00 | 1,200,426.00 | 900,319.50 | 逾期 |
| CYBERHOME | TARGET | 08/18/05 | 11/14/05 | 5.81 | 456,000.00 | 609,000.00 | 456,000.00 | 逾期 |
| CYBERHOME | TARGET | 08/19/05 | 11/15/05 | 5.82 | 640,000.00 | 854,400.00 | 640,000.00 | 逾期 |
| CYBERHOME | TARGET | 08/29/05 | 11/25/05 | 5.87 | 1,153,000.00 | 1,537,920.00 | 1,153,000.00 | 逾期 |
| CYBERHOME | TARGET | 08/30/05 | 11/28/05 | 5.87 | 2,878,000.00 | 591,426.00 | 442,960.00 | 逾期 |
| CYBERHOME | TARGET | 09/05/05 | 12/02/05 | 5.78 | 1,818,000.00 | 512,640.00 | 384,480.00 | 逾期 |
| CYBERHOME | TARGET | 12/14/05 | 03/13/06 | 6.5 | 256,000.00 | 341,760.00 | 256,000.00 | 逾期 |
| CYBERHOME | TARGET | 02/23/06 | 05/24/06 | 6.81 | 138,000.00 | 21,080.00 | 14,756.00 | 逾期 |
| CYBERHOME | TARGET | 04/12/06 | 07/10/06 | 7.07 | 218,000.00 | 129,880.00 | 90,916.00 | 逾期 |
| CYBERHOME | TARGET | 04/18/06 | 07/14/06 | 7.08 | 380,000.00 | 543,422.00 | 380,000.00 | 逾期 |
| CYBERHOME | TARGET | 04/21/06 | 07/17/06 | 7.09 | 69,000.00 | 99,365.00 | 69,000.00 | 逾期 |
| CYBERHOME | TARGET | 04/24/06 | 07/21/06 | 7.12 | 276,000.00 | 394,800.00 | 276,000.00 | 逾期 |
| CYBERHOME | TARGET | 05/04/06 | 08/02/06 | 7.15 | 560,000.00 | 800,576.00 | 560,000.00 | 逾期 |
| CYBERHOME | TARGET | 05/15/06 | 08/11/06 | 7.18 | 385,000.00 | 550,032.00 | 385,000.00 | 逾期 |
| CYBERHOME | TARGET | 05/16/06 | 08/14/06 | 7.17 | 622,000.00 | 889,392.00 | 622,000.00 | 逾期 |
| CYBERHOME | TARGET | 05/17/06 | 08/15/06 | 7.17 | 163,000.00 | 233,632.00 | 163,000.00 | 逾期 |
| CYBERHOME | TARGET | 05/23/06 | 08/21/06 | 7.21 | 225,000.00 | 321,737.00 | 225,000.00 | 逾期 |
| CYBERHOME | TARGET | 05/25/06 | 08/23/06 | 7.23 | 106,000.00 | 152,096.00 | 106,000.00 | 逾期 |
| CYBERHOME | TARGET | 05/29/06 | 08/25/06 | 7.24 | 202,000.00 | 288,915.00 | 202,000.00 | 逾期 |
| CYBERHOME | TARGET | 06/15/06 | 09/11/06 | 7.39 | 331,000.00 | 473,896.00 | 331,000.00 | 逾期 |
| | | | | | 14,305,755.00 | | 10,476,791.50 | |

| Seller Client | Buyer Cli | Invoice Da | Due Date | Interest | Original Advance Ar | Invoice Outstandin | Advanced Amount (non recourse) | |
|---|---|---|---|---|---|---|---|---|
| CYBERHOME | WAL-MA | 07/15/05 | 10/11/05 | 5.62 | 3,995,000.00 | 4,826,640.00 | 919,484.00 | 逾期 |
| CYBERHOME | WAL-MA | 08/17/05 | 11/08/05 | 5.81 | 3,000,000.00 | 4,000,464.00 | 3,000,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 08/18/05 | 11/16/05 | 5.82 | 4,265,000.00 | 5,687,136.00 | 4,265,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 11/06/05 | 12/30/05 | 6.12 | 381,000.00 | 190,016.00 | 142,512.00 | 逾期 |
| CYBERHOME | WAL-MA | 03/12/06 | 04/11/06 | 6.58 | 10,000.00 | 603.00 | 422.10 | 逾期 |
| CYBERHOME | WAL-MA | 01/16/06 | 04/14/06 | 6.61 | 10,000.00 | 7,705.00 | 5,393.50 | 逾期 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CYBERHOME | WAL-MA | 01/19/06 | 04/18/06 | 6.62 | 576,000.00 | 16,516.00 | 11,561.20 | 逾期 |
| CYBERHOME | WAL-MA | 01/24/06 | 04/21/06 | 6.63 | 555,000.00 | 793,615.00 | 555,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 01/24/06 | 04/24/06 | 6.64 | 121,000.00 | 174,101.00 | 121,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 01/25/06 | 04/25/06 | 6.65 | 905,000.00 | 1,293,804.00 | 905,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 01/27/06 | 04/27/06 | 6.68 | 728,000.00 | 1,040,400.00 | 728,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 02/13/06 | 05/10/06 | 6.76 | 76,000.00 | 109,225.00 | 76,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 02/15/06 | 05/16/06 | 6.75 | 225,000.00 | 322,848.00 | 225,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 02/16/06 | 05/17/06 | 6.75 | 573,000.00 | 819,928.00 | 573,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 02/20/06 | 05/19/06 | 6.77 | 436,000.00 | 623,408.00 | 436,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 03/02/06 | 05/31/06 | 6.85 | 332,000.00 | 475,426.00 | 332,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 03/06/06 | 06/02/06 | 6.86 | 451,000.00 | 645,696.00 | 451,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 03/09/06 | 06/07/06 | 7.00 | 903,000.00 | 1,291,392.00 | 905,000.00 | 逾期 |
| CYBERHOME | WAL-MA | 03/29/06 | 06/27/06 | 6.97 | 565,000.00 | 200.00 | 140.00 | 逾期 |
| CYBERHOME | WAL-MA | 05/23/06 | 08/21/06 | 7.21 | 2,000.00 | 3,823.60 | 2,000.00 | 逾期 |
| | | | | | | 22,322,946.60 | 13,651,512.80 | |

| | | CREDITOR | TA CHONG BANK | | | |
|---|---|---|---|---|---|---|
| | | SUPPLIER | CYBERHOME ENTERTAINMENT INC. | | | |
| | | DEBTOR | HITACHI HIGH-TECH AMERICA, INC.(93.3.31) | | | |

| | Inv. No. | Inv. Date | Inv. Amount | Due Date | Note |
|---|---|---|---|---|---|
| 358 | 69983 | 08/18/05 | 113,088.00 | 11/16/05 | |
| 359 | 69984 | 08/18/05 | 28,272.00 | 11/16/05 | |
| 360 | 69985 | 08/18/05 | 63,612.00 | 11/16/05 | |
| 361 | 69986 | 08/18/05 | 49,476.00 | 11/16/05 | |
| 363 | 69988 | 08/18/05 | 98,952.00 | 11/16/05 | |
| 364 | 70104 | 08/18/05 | 28,272.00 | 11/16/05 | |
| 365 | 70105 | 08/18/05 | 42,408.00 | 11/16/05 | |
| 366 | | | | | |
| 367 | 70435 | 08/19/05 | 37,629.00 | 11/17/05 | |
| 368 | 70436 | 08/19/05 | 23,730.00 | 11/17/05 | |
| 369 | 70437 | 08/19/05 | 27,120.00 | 11/17/05 | |
| 370 | 70438 | 08/19/05 | 23,730.00 | 11/17/05 | |
| 371 | 70439 | 08/19/05 | 13,560.00 | 11/17/05 | |
| 372 | 70440 | 08/19/05 | 27,120.00 | 11/17/05 | |
| 373 | 70441 | 08/19/05 | 20,340.00 | 11/17/05 | |
| 374 | 70442 | 08/19/05 | 27,120.00 | 11/17/05 | |
| 375 | 70445 | 08/19/05 | 25,086.00 | 11/17/05 | |
| 377 | | | | | |
| 378 | 8105003762 | 09/05/05 | 42,408.00 | 12/04/05 | |
| 379 | 8105003761 | 09/05/05 | 28,272.00 | 12/04/05 | |
| 380 | 8105003760 | 09/05/05 | 84,816.00 | 12/04/05 | |
| 381 | 8105003759 | 09/05/05 | 63,612.00 | 12/04/05 | |
| 382 | 8105003758 | 09/05/05 | 63,612.00 | 12/04/05 | |
| 383 | 8105003757 | 09/05/05 | 63,612.00 | 12/04/05 | |
| 384 | 8105003756 | 09/05/05 | 28,272.00 | 12/04/05 | |
| 385 | 8105003755 | 09/05/05 | 98,952.00 | 12/04/05 | |
| 386 | 8105003754 | 09/05/05 | 49,476.00 | 12/04/05 | |
| 387 | 8105003753 | 09/05/05 | 42,408.00 | 12/04/05 | |
| 388 | 8105003752 | 09/05/05 | 56,544.00 | 12/04/05 | |
| 390 | | | | | |
| 391 | 71638 | 09/13/05 | 142,380.00 | 12/12/05 | |
| 392 | 71639 | 09/13/05 | 113,904.00 | 12/12/05 | |
| 393 | 71640 | 09/13/05 | 86,106.00 | 12/12/05 | |
| 394 | 71641 | 09/13/05 | 56,952.00 | 12/12/05 | |
| 395 | 71642 | 09/13/05 | 199,332.00 | 12/12/05 | |
| 396 | 71644 | 09/13/05 | 56,952.00 | 12/12/05 | |
| 397 | 71645 | 09/13/05 | 56,952.00 | 12/12/05 | |
| 398 | 71646 | 09/13/05 | 113,904.00 | 12/12/05 | |
| 399 | 71647 | 09/13/05 | 23,730.00 | 12/12/05 | |
| 400 | 71648 | 09/13/05 | 47,460.00 | 12/12/05 | |
| 401 | 71649 | 09/13/05 | 33,900.00 | 12/12/05 | |
| 402 | 71650 | 09/13/05 | 33,900.00 | 12/12/05 | |
| 403 | 71651 | 09/13/05 | 20,340.00 | 12/12/05 | |
| 404 | 71652 | 09/13/05 | 16,950.00 | 12/12/05 | |
| 405 | 71653 | 09/13/05 | 8,136.00 | 12/12/05 | |
| 406 | 71654 | 09/13/05 | 13,560.00 | 12/12/05 | |
| 407 | 71655 | 09/13/05 | 16,272.00 | 12/12/05 | |
| 408 | 71656 | 09/13/05 | 16,950.00 | 12/12/05 | |
| 409 | 71657 | 09/13/05 | 33,900.00 | 12/12/05 | |
| 410 | 71658 | 09/13/05 | 33,900.00 | 12/12/05 | |
| 411 | 71844 | 09/13/05 | 13,560.00 | 12/12/05 | |
| 412 | 71845 | 09/13/05 | 56,952.00 | 12/12/05 | |
| 413 | 71846 | 09/13/05 | 10,848.00 | 12/12/05 | |
| 414 | 71847 | 09/13/05 | 56,952.00 | 12/12/05 | |
| 415 | 71848 | 09/13/05 | 142,380.00 | 12/12/05 | |
| | | | 2,677,671.00 | | |