UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TA CHONG BANK LTD,

    Plaintiff,

    v.

HITACHI HIGH TECHNOLOGIES, INC.,
a Delaware Corporation; DOES 1-10,
inclusive,

    Defendants.
_____/

No. C 08-2452 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is the motion of defendant Hitachi High Technologies, Inc. ("Hitachi") to dismiss the complaint. Because the court determines that oral argument would not be helpful, the hearing scheduled for July 9, 2008 is VACATED, and Hitachi's motion is GRANTED.

**BACKGROUND**

In August and September 2005, Hitachi purchased home electronics products from chapter 7 bankruptcy debtor CyberHome Entertainment, Inc. ("CyberHome") in the amount of $1,214,852.20. At the time of the purchase, plaintiff Ta Chong Bank ("the Bank") and debtor CyberHome had entered into a series of factoring agreements by which CyberHome assigned its interest in certain accounts receivables ("AR"), including those due from defendant Hitachi, to the Bank.

Subsequently, on September 5, 2006, CyberHome filed a chapter 7 petition for bankruptcy, C 06-41544. In conjunction with its bankruptcy case, CyberHome scheduled the outstanding AR due from several creditors, including Hitachi. During the course of

CyberHome's bankruptcy case, Hitachi paid the chapter 7 trustee acting on behalf of CyberHome's bankruptcy estate the approximately $1.2 million owed to debtor CyberHome. Subsequently, in December 2006, the Bank filed a proof of claim against CyberHome's estate, alleging that it possessed a secured claim for approximately $83 million dollars, based in part on its interest in CyberHome's AR, including the AR due and paid to CyberHome's bankruptcy estate by defendant Hitachi.

On December 19, 2006, CyberHome's chapter 7 trustee subsequently filed an adversary proceeding, C 06-4282, asserting several claims, including one claim to avoid the Bank's security interest in CyberHome's AR as a preferential transfer under Bankruptcy Code § 547, and other claims seeking declaratory relief regarding the extent to which the Bank held any interest in CyberHome's AR. On February 2, 2007, the Bank asserted counterclaims for fraud, negligence, and breach of contract.

On August 6, 2007, the bankruptcy court heard CyberHome chapter 7 trustee's motion for summary adjudication in the adversary proceeding. On August 10, 2007, the bankruptcy court issued a written order granting the trustee's motion, and ruling that: (1) the Bank's security interest in CyberHome's AR and inventory was unperfected; (2) the Bank's unperfected security interest in CyberHome's AR was avoided by operation of law; and (3) that the Bank held "no lien whatsoever on any receivables and inventory and proceeds" of CyberHome's bankruptcy estate. The Bank did not appeal the bankruptcy court's August 6, 2007 order. On June 4, 2008, the bankruptcy court entered an order dismissing the entire adversary case with prejudice.[1]

In spite of the fact that the bankruptcy court ruled that the Bank had no interest in CyberHome's AR, including the AR due from Hitachi, on March 21, 2008, the Bank nevertheless filed a complaint against Hitachi in state court alleging several causes of action under California law, including (1) goods sold and delivered, (2) open book account,

---

[1] The final disposition of the Bank's counterclaims is unclear from the parties' papers and from the bankruptcy court's docket in the adversary proceeding.

and (3) account stated. The claims are all based on the Bank's interest in CyberHome's AR in accordance with the factoring agreements that the Bank entered into with CyberHome. The Bank seeks payment from Hitachi on the $1.2 million worth of goods purchased by Hitachi from CyberHome, in spite of the fact that Hitachi has already paid the debts in the course of CyberHome's bankruptcy case as directed by the bankruptcy court.[2] Hitachi removed the case to this court on May 13, 2008, and filed the instant motion to dismiss on May 20, 2008.

## DISCUSSION

**A. Legal Standards**

1. Federal Rule of Civil Procedure 12(b)(6)

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). In order to survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise his/her right to relief "above the speculative level." *See Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Twombly*, 127 S. Ct. at 1974.

**B. Analysis**

At the outset, it is necessary to address the facts and law underlying the bankruptcy court's August 10, 2007 order in more detail.

---

[2] On June 13, 2007, in response to an emergency motion filed by the Bank, the bankruptcy court ordered that the chapter 7 trustee was authorized to collect all of CyberHome's AR over which the Bank asserted an interest.

3

1.     Bankruptcy Court's Order

Bankruptcy Code § 547(b) provides in pertinent part:

(b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property --

    (1) to or for the benefit of a creditor;

    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;

    (4) made--

        (A) on or within 90 days before the date of the filing of the petition; or

        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5) that enables such creditor to receive more than such creditor would receive if-

        (A) the case were a case under chapter 7 of this title;

        (B) the transfer had not been made; and

        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

With Bankruptcy Code § 547(b), Congress broadly authorized bankruptcy trustees to "avoid any transfer of an interest of the debtor in property" if five conditions are satisfied. *Union Bank v. Wolas*, 502 U.S. 151, 154-155 (1991). In brief, the five characteristics of a voidable preference are that it: (1) benefit a creditor; (2) be on account of antecedent debt; (3) be made while the debtor was insolvent; (4) be made within 90 days before bankruptcy; and (5) enable the creditor to receive a larger share of the estate than if the transfer had not been made. *Id.; In re Healthcentral.com*, 504 F.3d 775, 788-89 (9th Cir. 2007). Section 547(f) provides that the debtor is presumed to have been insolvent during the 90-day period preceding bankruptcy.

The purpose of § 547(b) is twofold. It was enacted to discourage creditors from racing to the courthouse to "dismember the debtor during the debtor's slide into

bankruptcy." 5 Collier on Bankruptcy § 547.01 (2008).  Additionally, the preference provision was intended to "facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor" and to deter creditors from receiving a greater payment than others in the creditor's class.  *Id.*  The debtor's and/or creditor's intent or motive in conjunction with the preferential transfer is irrelevant.  *Id.*  Instead, it is the effect of the transaction that is controlling.  The definition of "transfers" covered by section 547(b) is broad, and encompasses not only transfers of property in the traditional sense, but also the perfection of security interests.  2 Collier on Bankruptcy § 101.54[1] (2008); 3B Bankr. Service L. Ed. § 33:133 (2008); *see also Four Winds Enter. v. First National Bank (In re Four Winds)*, 94 B.R. 694, 696 (Bankr. S.D. Cal. 1998).

As noted, the Bank filed a proof of claim in CyberHome's bankruptcy case alleging that it held a secured claim over debtor CyberHome's AR, in addition to other estate property not at issue in the current complaint.  The basis for its alleged secured status was a UCC1 financing statement that the Bank filed with the State of California on July 12, 2006.  In the adversary proceeding, CyberHome's chapter 7 trustee contended that the Bank's security interest in CyberHome's AR was thus avoidable under section 547(b) because the financing statement had been filed within ninety days of CyberHome's September 5, 2006 bankruptcy filing, in what the trustee asserted was an attempt by the Bank at securing repayment ahead of CyberHome's other unsecured creditors.

In granting the trustee's motion for summary adjudication on this basis, the bankruptcy court concluded that the Bank's security interest in CyberHome's AR constituted a preferential transfer under § 547, and deemed the security interest unperfected.  In so holding, the bankruptcy court also necessarily concluded that the AR constituted property of CyberHome's bankruptcy estate and that the above conditions for avoidance under § 547(b) were satisfied.

However, the bankruptcy court also continued on to grant the trustee summary adjudication on grounds that the Bank's resulting unperfected security interest in

5

CyberHome's AR (and inventory) was "avoided by operation of law." Bankruptcy Code section 544(a), also known as the bankruptcy trustee's "strong-arm" clause, provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

That section grants a trustee in bankruptcy "the rights and powers of a hypothetical creditor who obtained a judicial lien on all of the property in the estate at the date the petition in bankruptcy was filed." *Neilson v. Chang (In re First T.D. & Investment, Inc.)*, 253 F.3d 520, 526 (9th Cir. 2001) (citing *In re Commercial W. Fin. Corp.,* 761 F.2d 1329, 1331 n. 2 (9th Cir.1985)). "One of these powers is the ability to take priority over or 'avoid' security interests that are unperfected under applicable state law. . . ." *Id.*

In his motion for summary adjudication, the CyberHome trustee argued that pursuant to California Commercial Code § 9317(a)(2), the Bank's unperfected interest in CyberHome's AR was subordinate to the chapter 7 trustee's position as hypothetical lien creditor in CyberHome's bankruptcy estate. The trustee also noted that under California Commercial Code § 9318(b), the chapter 7 trustee could use his strong-arm powers under Bankruptcy Code § 544(a) to reach CyberHome's AR free of the Bank's unperfected security interest – even if CyberHome had assigned or sold its interest in the AR to the Bank prior to its bankruptcy filing. The bankruptcy court agreed, and held in favor of the trustee, that the Bank's unperfected security interest in CyberHome's AR was avoided by operation of law.

Finally, the bankruptcy court declared that the Bank held "no lien whatsoever on any receivables . . . of [CyberHome's] bankruptcy estate."

////

2. Hitachi's Motion

Hitachi argues that the Bank's instant complaint, which includes claims based on its alleged interests in debtor CyberHome's AR, must be dismissed because the bankruptcy court held that the Bank possessed no interest in the AR, including those owed the debtor by Hitachi. In opposition, the Bank argues that its claims against Hitachi are not affected by the bankruptcy court's order in the adversary proceeding, and that the claims concern non-bankruptcy estate property. Specifically, it contends that under California law, it has alleged sufficient facts to support its state law claims.

This court finds that the Bank's current claims against Hitachi are nothing short of an attempted end-run around the bankruptcy court's adjudication of the Bank's interest in debtor CyberHome's AR, and the related distribution of CyberHome's bankruptcy estate. Not only are the bankruptcy court's rulings on these issues afforded *res judicata* effect here, but the instant case initiated by the Bank also constitutes an improper appeal of the bankruptcy court's order. *See e.g., Reusser v. Wachovia Bank*, 525 F.3d 855, 861 (9th Cir. 2008) (bankruptcy court's order is binding as to the property or interest in question); *Stratosphere Litigation L.L.C. v. Grand Casinos, Inc. (In re Stratosphere Corp.)*, 298 F.3d 1137, 1142-43 (9th Cir. 2002) (bankruptcy court's judgment in proceeding under Bankruptcy Code § 365 regarding creditor's obligation was res judicata as to third party where the interests involved arose from "the same transactional nucleus of facts" and the third party was identified in interest with the former party).

There is no merit to the Bank's argument that it possesses claims against Hitachi separate and apart from those adjudicated in the course of the bankruptcy proceedings. The Bank's interest in CyberHome's AR, owed by Hitachi, is based solely on agreements that the Bank made with debtor CyberHome. The bankruptcy court has already determined, albeit correctly, that the Bank's claims against CyberHome's AR constituted property of CyberHome's bankruptcy estate. *See, e.g.,* 11 U.S.C. § 541 (defining property of the bankruptcy estate). Furthermore, the bankruptcy court concluded that under

Bankruptcy Code §§ 547 and 544, the Bank ultimately held no lien on CyberHome's AR. Finally, the bankruptcy court ordered that payments on the debtor's AR be made by CyberHome's creditors, including Hitachi, directly to the chapter 7 trustee, thus precluding any claim by the Bank now that Hitachi's payments to the bankruptcy trustee were somehow wrongful.

For all of these reasons, Hitachi's motion to dismiss is GRANTED.

## CONCLUSION

The parties' requests for judicial notice are GRANTED.  Hitachi's motion to dismiss is GRANTED.  The complaint is dismissed in its entirety with prejudice pursuant to Rule 12(b)(6).  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 3, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

8