James S. Monroe (SBN 102328)
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, California 94111
Telephone: (415) 869-1575
Facsimile: (415) 723-7423

Attorneys for Plaintiff
TA CHONG BANK LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TA CHONG BANK LTD.,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>HITACHI HIGH TECHNOLOGIES AMERICA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | No. C-08-02452-PJH<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF TA CHONG BANK LTD. TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 27, 2008<br>Time: 9:00 a.m.<br>Ctrm: 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**I.　　NOTICE OF MOTION AND MOTION**

NOTICE IS HEREBY GIVEN that on August 27, 2008, at 9:00 a.m., or as soon thereafter as this matter may be heard, in the Courtroom of the Honorable Phyllis J. Hamilton, United States District Judge, United States District Court, Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, plaintiff Ta Chong Bank Ltd. (the "Bank") will, and hereby does, move the court for an order to alter or amend the order and judgment of dismissal of the complaint herein, entered on July 3, 2008, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

-1-

This motion is made on the grounds that the order and judgment of dismissal were both based upon a manifest error of fact or law which justifies the grant of a Rule 59(e) motion, vacating the order and judgment of dismissal and entering an order denying the motion to dismiss the Bank's complaint. *Turner v. Burlington Northern Santa Fe Railroad Company,* 338 F.3d 1058, 1063 (9th Cir. 2003).

Specifically, the order granting defendant Hitachi High Technologies America, Inc.'s ("Hitachi") motion to dismiss the Bank's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was premised upon a clear and significant misunderstanding of the facts of this case. The court mistakenly determined, contrary to the allegations of the complaint (which must be accepted as true by the court in ruling on the motion to dismiss), both that the Hitachi invoices that the Bank is seeking to recover on (the "Invoices") *remained unpaid* on the date that CyberHome Entertainment, Inc. ("CyberHome") filed for bankruptcy relief and that the Invoices were paid by Hitachi to the bankruptcy trustee *after* the filing of CyberHome's bankruptcy case. The Bank concurs that the court's decision would be correct if the payment by Hitachi on the Invoices had been made after CyberHome's bankruptcy case was filed. The situation would then be the same as with respect to the other receivables of CyberHome that remained unpaid as of the date of its bankruptcy filing, which the bankruptcy trustee became entitled to collect after the Bank's security interest was avoided with respect to receivables that remain unpaid pursuant to 11 U.S.C. §§ 547(b) and 544(a). However, these are not the facts of this case or the facts alleged in the Bank's complaint.

The gravamen of the Bank's complaint is that Hitachi improperly paid $1.2 million directly to CyberHome (in satisfaction of the Invoices) on or about January 13, 2006, instead of to the Bank as it was required to do under applicable law, which payment date was long before CyberHome's bankruptcy case was filed on September 5, 2006. On these facts, the Invoices did not remain unpaid as to CyberHome or its bankruptcy estate (as CyberHome's successor) on the date of its bankruptcy filing and, accordingly, neither CyberHome nor its bankruptcy trustee has any claim against Hitachi with respect to the Invoices and, moreover, have not even asserted any such claim against Hitachi. Under these circumstances, CyberHome's bankruptcy estate has absolutely no interest in the subject

-2-

matter of this lawsuit and CyberHome's bankruptcy case does not in any way limit the Bank's right to pursue Hitachi for its wrongful prepetition payments on the Invoices to CyberHome instead of the Bank.

Further, the preference avoidance judgment against the Bank has absolutely no effect on the Bank's rights against Hitachi and no relevance to this lawsuit. A preference action only effects property of the bankruptcy estate and does not retroactively impair rights and duties with respect to non-estate property (such as the Bank's claims herein) and/or matters that occurred long before the bankruptcy case was filed.

Accordingly, the Bank's complaint states a valid cause of action against Hitachi and the order dismissing the Bank's complaint and the judgment thereon should be vacated.

This motion is based upon this Notice of Motion and Motion and supporting Memorandum of Points and Authorities, the proposed Order granting the Bank's motion attached hereto as Exhibit A, the pleadings and papers filed in this case, and such further evidence and arguments as may be presented prior to or at the time of the hearing of the motion.

## II.     MEMORANDUM OF POINTS AND AUTHORITIES

**1.     CyberHome's Bankruptcy Estate Has No Property Interest in the Bank's Claims Against Hitachi.**  Pursuant to 11 U.S.C. § 541(a), a debtor's bankruptcy estate consists of all legal or equitable interests of the debtor in property at the time the case is commenced. A chapter 7 trustee succeeds only to the rights possessed by the debtor at the time the petition in bankruptcy is filed, and is subject to such claims and defenses as might have been asserted against the debtor but for the filing. *See Creasy v. Coleman Furniture Corp.,* 763 F.2d 656, 656, 662 (4th Cir. 1985) (trustee acquires rights possessed by bankrupt corporation); *Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1213 (7th Cir. 1984) (whatever rights debtor has in property at commencement of case continue in bankruptcy, "no more, no less"; § 541 is not intended to expand the debtor's rights against others beyond those existent at the commencement of the case); *In re Brown,* 734 F.2d 119, 124 (2d Cir. 1984) (bankruptcy estate can have no greater interest in property than the interest held by the debtor when the petition was filed). Here, as of the date of its bankruptcy petition, CyberHome (and, as a

-3-

NOTICE OF MOTION AND MOTION OF PLAINTIFF TO ALTER OR
AMEND JUDGMENT; NO. C-08-02452-PJH

result, its bankruptcy estate) had no conceivable property interest in either the Invoices or the Bank's claims against Hitachi since CyberHome had received payment in full of the Invoices from Hitachi prior to the filing of its bankruptcy petition. CyberHome was the beneficiary of this improper payment from Hitachi and, as such, has no claim against Hitachi on the Invoices (which were paid to it) or for the improper payment it received from Hitachi. In fact, the opposite is likely the case and Hitachi may have a claim against CyberHome for reimbursement.

**2.     The Chapter 7 Trustee's Preference Action Against the Bank is Irrelevant to the Bank's Claims Against Hitachi.** Under the California Commercial Code, the Bank was required to perfect its security interest in the CyberHome accounts receivable (assigned to it under the factoring agreements between the Bank and CyberHome (the "Factoring Agreements")) in order to establish the priority of its interest as against competing secured creditors that were perfected and any future bankruptcy trustee. Here, the Bank filed its financing statement within ninety (90) days of Cyberhome's bankruptcy filing. Accordingly, CyberHome's chapter 7 trustee filed a preference action against the Bank pursuant to 11 U.S.C § 547(b) and obtained a judgment against the Bank. The effect of this was to make the Bank an unsecured creditor against the bankruptcy estate and to permit the chapter 7 trustee to collect all receivables that still existed as of the date of the bankruptcy filing. However, this judgment does not extend to or have any effect on anything that occurred pre-bankruptcy (except the avoidance of the Bank's financing statement filed within the ninety (90) day preference period). It most certainly does not limit or alter the Bank's rights with respect to the millions of dollars of transactions that occurred in the years prior to bankruptcy under the Factoring Agreements. Moreover, the preference avoidance judgment does not give the bankruptcy estate a property interest in either the subject Invoices or the Bank's claims herein against Hitachi. As discussed above, CyberHome had no interest therein when its petition was filed (since it had received payment in full on the Invoices) and, as a result, neither does the bankruptcy trustee. The bankruptcy trustee is limited to recovering the CyberHome receivables that remained unpaid as of the bankruptcy petition date. The subject Invoices are not among those and the Bank's claims against Hitachi for its wrongful payment to CyberHome are personal to the Bank and not maintainable by either

-4-

CyberHome or the bankruptcy trustee.

Moreover, a preference avoidance action does not retroactively avoid a security interest (which, as discussed below, is fully enforceable outside of bankruptcy even if unperfected) as to past events and/or non-estate property. Instead, it is limited in its effect to property of the debtor that can be recovered by the preference avoidance statutes and property of the bankruptcy estate.

Finally, 11 U.S.C. § 547(b) cannot be used to augment what is property of the estate. A property interest of the prepetition debtor exists for 11 U.S.C. § 547(b) purposes if, but for the challenged transfer, the debtor's interest would have been property of the estate under 11 U.S.C. § 541 at the time of the filing of the chapter 7 petition. *Ralar Distribs. v. Rubbermaid (In re Ralar Distribs.),* 4 F.3d 62 (1st Cir. 1993). Clearly, this test is not met with respect to the Bank's claims herein.

**3.     The Nonperfection of the Bank's Security Interest During Most of the Prepetition Timeframe is Immaterial to its Rights Against Hitachi.** The failure to perfect a security interest does not nullify the interest. *Turbinator, Inc., v. Superior Court,* (1995) 33 Cal. App. 4th 443, 450-451. Under Commercial Code § 9201(a), "a security agreement is effective according to its terms between the parties, against purchasers of the collateral, and against creditors." The Commercial Code contains no requirement of perfection. "Thus, an unperfected security interest is enforceable against all parties *unless* the holder of a later-acquired interest qualifies under some other provision of the Code. The unperfected interest is *not* null and void. For example, an unperfected security interest will defeat the interest of an unsecured general creditor." *Id.* The only requirements for validity against the debtor and third parties are those set out in Commercial Code § 9203(b), a signed agreement, value given, and the debtor's rights in the collateral (meaning the Invoices at the time of their issuance). Once, as here, these requirements are met, the security interest is enforceable. Perfection merely establishes the security interest's priority as to other secured creditors and makes it safe against certain other transferees of the collateral and a bankruptcy trustee. *Id.*

-5-

NOTICE OF MOTION AND MOTION OF PLAINTIFF TO ALTER OR
AMEND JUDGMENT; NO. C-08-02452-PJH

### III.   CONCLUSION

Based upon the foregoing authorities and argument, Ta Chong Bank respectfully submits that the court should enter an order (i) granting the Bank's motion to alter or amend the order and judgment of dismissal of the complaint pursuant to Rule 59(e), (ii) vacating the order and judgment of dismissal entered on July 3, 2008, (iii) denying Hitachi's motion to dismiss the complaint, and (iv) for such other and further relief as the court deems just and proper.

DATED:   July 18, 2008                                    Respectfully submitted,

                                              MONROE LAW GROUP


By: */s/ James S. Monroe*
     James S. Monroe
     Attorneys for Plaintiff
     TA CHONG BANK LTD.

**PROOF OF SERVICE**
**CASE NAME:** Ta Chong Bank Ltd. vs. Hitachi High Technologies America
**COURT:**        USDC, Northern District of California
**CASE NO.:**    C-08-02452-PJH

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is 101 California Street, Suite 2450, San Francisco, CA 94111. On this date, I served the following document(s):

**NOTICE OF MOTION AND MOTION OF PLAINTIFF TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**

on the parties stated below, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

 X  : By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

____: By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

____: By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

____: By Facsimile — From facsimile number  at A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressee(s)

    Richard C. Vasquez, Esq.
    Vasquez Benisek & Lindgren LLP
    3685 Mt. Diablo Blvd., Suite 300
    Lafayette, CA 94549

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 18, 2008, at San Francisco, California.

                                        */s/ James S. Monroe*

**EXHIBIT A**

James S. Monroe (SBN 102328)
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, California 94111
Telephone: (415) 869-1575
Facsimile: (415) 723-7423

Attorneys for Plaintiff
TA CHONG BANK LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TA CHONG BANK LTD.,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>HITACHI HIGH TECHNOLOGIES AMERICA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | No. C-08-02452-PJH<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**<br><br>Date: August 27, 2008<br>Time: 9:00 a.m.<br>Ctrm: 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton |

　　　　This matter came on regularly for hearing before the court on plaintiff Ta Chong Bank Ltd.'s Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

　　　　Upon consideration of the motion and the opposition thereto, as well as arguments made at the hearing, IT IS HEREBY ORDERED that: (1) plaintiff's motion to alter or amend the order and judgment of dismissal of the complaint is granted; (2) the order and judgment of dismissal, entered on July 3, 2008, are vacated; (3) defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) is denied; and (4) defendant shall have ___ days leave to answer the complaint.

Date: _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Honorable Phyllis J. Hamilton
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge