1  RICHARD C. VASQUEZ /CA SB # 127228
   AVIN P. SHARMA /CA SB# 233328
2  VASQUEZ BENISEK & LINDGREN LLP
   3685 Mt. Diablo Blvd, Suite 300
3  Lafayette, CA  94549
   Telephone:    (925) 627-4250
4  Facsimile:     (925) 403-0900
   rvasquez@vbllaw.com
5  asharma@vbllaw.com

6  Attorneys for Defendant HITACHI HIGH TECHNOLOGIES
7  AMERICA, INC., a Delaware Corporation

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TA CHONG BANK LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>HITACHI HIGH TECHNOLOGIES AMERICA, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No:   C-08-02452-PJH<br><br>**DEFENDANT HITACHI HIGH TECHNOLOGIES AMERICA, INC.'S OPPOSITION TO PLAINTIFF TA CHONG BANK LTD.'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**<br><br>Date:   August 27, 2008<br>Time:   10:00 a.m.<br>Judge:  The Honorable Phyllis J. Hamilton<br>Dept:   Ctrm G, 15th Floor |

Defendant Hitachi High Technologies America, Inc. ("HTA") hereby opposes, for the following reasons, Plaintiff Ta Chong Bank Ltd.'s ("Ta Chong") Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)").

## I.  INTRODUCTION

Here comes Ta Chong again in another attempt to circumvent the judicial process.  Ta Chong first attempted to circumvent the bankruptcy court decisions by filing this action against HTA.  This Court summarily dismissed Ta Chong's complaint as an improper appeal of a bankruptcy court's order, and simultaneously entered judgment against Ta Chong.  Knowing it cannot file a motion for reconsideration post-judgment,[1] Ta Chong now attempts to circumvent the Court's local rule by filing a motion for reconsideration self-styled as a motion to alter or amend judgment under Rule 59(e).  Ta Chong's motion mostly repeats verbatim the arguments it raised in prior pleadings, which is improper under Rule 59(e).  Ta Chong's proper recourse would have been to file a notice of appeal, but unfortunately, Ta Chong continues to waste the time and resources of this Court and HTA by proceeding with the instant motion.

Ta Chong's only new point is to argue that this Court's judgment should be vacated because, according to Ta Chong, the Court's order is "premised upon a clear and significant misunderstanding of the facts of the case."  Ta Chong identifies two factual errors in the Court's order, but neither merits vacating the judgment pursuant to Rule 59(e).  Even if the Court corrected these alleged errors, the corrections would lead to the same outcome—dismissal of Ta Chong's complaint.  Ta Chong then uses the rest of its motion to rehash the same arguments raised in its opposition to HTA's motion to dismiss, all of which already have been rejected by this Court.  Accordingly, HTA requests that this Court deny Ta Chong's motion to alter or amend the judgment.

---

[1] See N.D. Cal Local Rule 7.9.

1

**HTA'S OPP. TO TCB'S MOTION TO ALTER OR AMEND JUDGMENT**
**CASE NO: C08-02452-PJH**

## II. LEGAL STANDARD

A court only may amend or alter a judgment pursuant to Rule 59(e) "if: (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "This showing is a high hurdle." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

> Rule 59(e) is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.' (citations). Thus, 'absent highly unusual circumstances[]' a judgment is not properly reopened. (citations)

*FINOVA Capital Corp. v. Richard A. Arledge*, No. 02-1277-PHX, 2007 U.S. Dist. LEXIS 48043 at *6-7 (D. Ariz, July 2, 2007). Requests under Rule 59(e) "are not a substitute for appeal or a means of attacking some perceived error of the court." *San Francisco Bay Area Rapid Transit v. Spencer*, No. 04-04632, 2007 U.S. Dist. LEXIS 40075 at *8 (N.D. Cal, May 14, 2007).

## III. LEGAL ARGUMENT

### A. THE ERRORS IDENTIFIED BY TA CHONG DO NOT SUPPORT ALTERING OR AMENDING THE PRESENT JUDGMENT.

As there is neither new evidence nor any change in applicable law, Ta Chong must show that the Court "committed <u>clear error</u> or made an initial decision that was manifestly unjust" for this Court to amend or alter its judgment. *Zimmerman*, 255 F.3d at 740 (emphasis added). Ta Chong argues that (1) the Court's order contains incorrect facts in regards to the timing of HTA's payments, and (2) the Court erred in finding that the bankruptcy court's decision had any effect on Ta Chong's rights against HTA. *See* Ta Chong's Motion, pp. 2-3. Neither of Ta Chong's arguments establishes the requisite "highly unusual circumstances" and thus neither supports altering or amending the present judgment. *See e.g., Finova Capital Corp.*, 2007 U.S. Dist LEXIS 48043, at *32 ("Denial is proper because defendants have not met the high threshold which is necessary to warrant altering or amended the judgment under either of those Rules. Defendants have pointed to no 'highly unusual circumstances' which might justify reopening the

judgment herein.").

### 1. **<u>Factual Error In The Court's Order Does Not Justify Vacating The Judgment.</u>**

Ta Chong argues that this Court's order was "premised upon a clear and significant misunderstanding of the facts of this case." Ta Chong points out that this Court was mistaken when it determined that Ta Chong was seeking to recover amounts owed under invoices that were still unpaid at the time Cyberhome filed for bankruptcy and that HTA paid the invoices after the filing of the bankruptcy court order. *See* Ta Chong's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) ("Ta Chong's Motion"), pg. 2.

Even assuming the Court applies the facts asserted in the complaint as to the timing of HTA's payment to Cyberhome (i.e., that HTA paid the invoices prior to the bankruptcy filing), it does not affect this Court's decision as to the improper nature of Ta Chong's complaint. This Court properly recognized—without any reliance on the timing of HTA's payment — that Ta Chong's complaint was "an attempted end-run around the bankruptcy court's adjudication" and that "the instant case initiated by the Bank also constitutes an improper appeal of the bankruptcy court's order." Order Granting HTA's Motion to Dismiss, pg. 7. Correcting this minor factual error will not impact the Court's holding and therefore does not substantiate the dramatic step of vacating the Court's judgment.

Moreover, Ta Chong uses the claimed factual errors in the timing of HTA's payment as an excuse to argue once again that due to the timing of HTA's payment, the bankruptcy estate has no interest in the subject matter of this action. But Ta Chong has already acknowledged that the timing of HTA's payment was legally irrelevant and that the bankruptcy estate has an interest in the subject matter of this action. The reason is that all 31 of the invoices against which that payment was made are part of Ta Chong's Proof of Claim filed in the bankruptcy proceeding. *See* HTA's Supplemental Request for Judicial Notice, Exhibit A.[2] Having failed to convince the

---

[2] This Court granted HTA's Supplemental Request for Judicial Notice on July 3, 2008.

3

**HTA'S OPP. TO TCB'S MOTION TO ALTER OR AMEND JUDGMENT**
**CASE NO: C08-02452-PJH**

bankruptcy court that it held a properly perfected security interest in the proceeds of HTA's payment, Ta Chong now comes to this court, seeking to collect the same amount of money from HTA based on an entirely different legal theory -- at a time when its Proof of Claim is still pending in the bankruptcy court. Clearly, Ta Chong cannot have it both ways, and its claims against HTA are barred by the doctrine of judicial estoppel.

### 2. The Court Properly Applied The Bankruptcy Court's Ruling To The Instant Action.

Ta Chong argues that this Court erred in applying the decision of the bankruptcy court and states, "the preference avoidance judgment against the Bank has absolutely no effect on the Bank's rights against HTA and no relevance to this lawsuit." *See* Ta Chong's Motion p. 3. Ta Chong is wrong and, in any event, even if the question were debatable it would not justify Rule 59(e)'s extraordinary relief. *See Chioino v. Kernan*, No. C 06-932 MHP, 2007 U.S. Dist. LEXIS 86409, *2, (N.D. Cal, Nov. 5, 2007) ("A district court does not commit clear error warranting reconsideration when the question before it is a debatable one.").

Ta Chong repeats the same argument from its opposition that the Cyberhome trustee has no property interest in the invoices or the claims Ta Chong asserts against HTA, and that the bankruptcy court's order did not give Cyberhome any interest in the invoices or claims. *See* Ta Chong's Motion p. 4. Ta Chong's arguments are nothing more than a further effort to distract this Court from the impact of the bankruptcy court's order. The order granting the Cyberhome trustee's motion for summary adjudication and avoidance of Ta Chong's interest finally adjudicated Ta Chong's rights to not only pursue the receivables, but also the proceeds. The order specifically states:

> (2) Defendant's security interest in the Debtor's receivables and inventory and <u>proceeds</u> is unperfected;
>
> (3) Defendant's unperfected security interest in the Debtor's receivables and inventory and <u>proceeds</u> is avoided by operation of law; and
>
> (4) Defendant holds no lien whatsoever on any receivables and inventory and <u>proceeds</u> of the Debtor's bankruptcy estate.

**HTA'S OPP. TO TCB'S MOTION TO ALTER OR AMEND JUDGMENT**
**CASE NO: C08-02452-PJH**

Order Granting Motion for Summary Adjudication, p. 2; *see* HTA's Request for Judicial Notice, Exh. C (emphasis added).[3]

There is no dispute that HTA paid Cyberhome's receivables that Ta Chong alleges it owns by virtue of the factoring agreement. Ta Chong contends it has the right to pursue the proceeds from the factoring agreements because they were not part of the bankruptcy estate. However, the bankruptcy order -- which Ta Chong had a full and fair opportunity to litigate (but chose to not oppose or appeal) -- plainly states that Ta Chong is barred from pursuing the "proceeds" of the receivables Ta Chong acquired through the factoring agreement. These are the very same receivables which Ta Chong seeks to enforce in this suit. Regardless of whether HTA paid Cyberhome $1.2 million before or during the bankruptcy proceedings, the result is the same– Ta Chong cannot now by this action challenge the bankruptcy order barring Ta Chong from pursuing the <u>proceeds</u> of the previously pledged receivables owing from HTA to Cyberhome. Accordingly, this Court properly applied the bankruptcy court's order in the instant action, and thus this Court did not commit any error that would require this Court to alter or amend its judgment.

**B.     THE COURT SHOULD DENY TA CHONG'S MOTION AS A REHASH OF ITS PRIOR ARGUMENTS.**

Ta Chong improperly uses the instant motion as a vehicle to rehash the same arguments already rejected by this Court. Rule 59(e) is not a vehicle for repeating arguments previously considered and rejected:

> A [motion brought under Rule 59(e)] is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments. Reconsideration motions do not give parties a 'second bite at the apple.' Neither are they devices permitting the unsuccessful party to 'rehash' arguments previously presented.

*Jackson v. Woodford*, No. 05cv0513-L(NLS), 2008 U.S. Dist. LEXIS 40192 at *3-4 (S.D. Cal,

---

[3] This Court granted HTA's Request for Judicial Notice on July 3, 2008.

5

**HTA'S OPP. TO TCB'S MOTION TO ALTER OR AMEND JUDGMENT**
**CASE NO: C08-02452-PJH**

May 19, 2008); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) ("The motion was properly denied here because, as Judge Dimmick noted, it presented no arguments that had not already been raised in opposition to summary judgment.").

As the Court can see for itself, Ta Chong's arguments are nearly identical to those raised in its opposition to HTA's motion to dismiss. The chart below shows the location of the identical headings and their corresponding arguments in both of Ta Chong's pleadings:

| Heading/Argument Section | Ta Chong's Opposition to MTD | Ta Chong's Rule 59(e) motion |
|---|---|---|
| "CyberHome's Bankruptcy Estate Has No Property Interest in the Bank's Claims Against Hitachi" | Pg. 6 | Pgs. 3-4 |
| "The Chapter 7 Trustee's Preference Action Against the Bank is Irrelevant to the Banks Claims Against Hitachi." | Pgs. 6-8 | Pgs. 4-5 |
| "The Nonperfection of the Bank's Security Interest During Most of the Prepetition Timeframe is Immaterial to its Rights Against Hitachi." | Pg. 8 | Pg. 5 |

Just as Ta Chong improperly brought this action to circumvent the bankruptcy court's prior decision, Ta Chong now improperly uses Rule 59(e) to bring what is in fact, if not in name, a motion for reconsideration. Such a motion is not permissible under N.D. Cal. Local Rule 7.9. Accordingly, this Court should deny the motion as it is nothing more than an improper rehash of the arguments previously raised by Ta Chong and properly rejected by this Court.

## IV.    CONCLUSION

For the reasons discussed above, HTA respectfully requests this Court to deny Ta Chong's motion to alter or amend the judgment entered into by this Court on July 3, 2008.

DATED: August 6, 2008                    VASQUEZ BENISEK & LINDGREN LLP


BY:_____/S/_____
         RICHARD C. VASQUEZ
         Attorneys for Defendant HITACHI HIGH
         TECHNOLOGIES AMERICA, INC., a
         Delaware Corporation