James S. Monroe (SBN 102328)
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, California 94111
Telephone: (415) 869-1575
Facsimile: (415) 723-7423

Attorneys for Plaintiff
TA CHONG BANK LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TA CHONG BANK LTD.,<br><br>       Plaintiff,<br><br> vs.<br><br>HITACHI HIGH TECHNOLOGIES AMERICA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>       Defendants. | No. C-08-02452-PJH<br><br>**REPLY OF PLAINTIFF TA CHONG BANK LTD. IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**<br><br>Date: August 27, 2008<br>Time: 9:00 a.m.<br>Ctrm: 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton |

## ARGUMENT

**A.   Contrary To Defendant's Contentions, The Erroneous Factual Determinations Underlying The Order Dismissing Plaintiff's Complaint Are Both Significant And Outcome Determinative, Justifying Relief Under Rule 59(e).**

Defendant ("Hitachi") argues that the factual errors upon which the Bank's Rule 59(e) motion is based are merely minor and inconsequential timing issues. Hitachi's characterization is incorrect. In bankruptcy matters, timing is often, as here, the critical factor in determining the respective rights of the bankruptcy estate and other parties in interest.

Here, the court's mistaken factual determinations that the subject Hitachi invoices (the "Invoices") remained unpaid on the date of CyberHome's bankruptcy filing *and* that the Invoices

were paid by Hitachi to the bankruptcy trustee after the bankruptcy case was filed (Order Granting Motion To Dismiss, 1:28–2:6; 3:3–5; 8:3-5), erroneously alter the applicable timeline which, in turn, led the court to an incorrect legal conclusion. The Bank does not dispute that if the factual determinations made by the court were correct, that the Bank would be precluded from pursuing its complaint against Hitachi. The Bank agrees that the bankruptcy court's order avoiding the Bank's unperfected security interest as against CyberHome's bankruptcy estate, precludes the Bank from seeking to recover on CyberHome's remaining receivables (those existing as of the bankruptcy petition date) in competition with the bankruptcy trustee. However, this is not the factual situation underlying the Bank's complaint against Hitachi.

The Bank alleges in its complaint that Hitachi improperly paid $1.2 million directly to CyberHome (in satisfaction of the Invoices) on or about January 13, 2006, instead of to the Bank as it was required to do under applicable law, which payment date was nearly eight (8) months prior to CyberHome's bankruptcy filing on September 5, 2006. On these facts, the Invoices did not remain unpaid as to CyberHome or its bankruptcy estate (as CyberHome's successor) on the date of its bankruptcy and, accordingly neither CyberHome nor its bankruptcy trustee has any claim against Hitachi with respect to the Invoices and, moreover, have not even asserted any such claim against Hitachi (since there is nothing owing to the bankruptcy estate on the Invoices). Under these circumstances, CyberHome's bankruptcy estate has absolutely no interest in the subject matter of the Bank's complaint against Hitachi and the bankruptcy court's order, precluding the Bank from seeking to collect CyberHome's remaining receivables (the receivables of CyberHome's bankruptcy estate) in competition with the bankruptcy trustee, has no applicability to the Bank's complaint against Hitachi for its wrongful prepetition payment of the Invoices to CyberHome instead of the Bank (in blithe disregard of the notice of assignment and direction to pay assignee that were delivered to Hitachi). In addition, applying the bankruptcy court order so as to preclude the Bank's complaint against Hitachi would effectively immunize Hitachi from liability for its wrongful conduct without furthering any bankruptcy policy. This result is neither justified nor mandated under applicable law.

-2-

REPLY OF PLAINTIFF IN SUPPORT OF RULE 59(e) MOTION
CASE NO. C-08-02452-PJH

### 2. The Bank's Complaint Does Not Seek Recovery of Proceeds of a Receivable In Contravention of the Bankruptcy Court's Order.

Hitachi argues in its opposition that the Bank's complaint is barred because it seeks the recovery of proceeds of a bankruptcy estate receivable in contravention of the bankruptcy court's summary judgment order against the Bank. However, this is clearly not the case. As discussed above, the Hitachi receivable with respect to the Invoices was paid to CyberHome long before the bankruptcy case was filed and never became a receivable of the bankruptcy estate. Moreover, the Bank is not by this lawsuit seeking to recover any portion of the prepetition payments made to CyberHome. Instead, the Bank seeks to impose double-liability on Hitachi for its wrongful prepetition conduct in accordance with California Commercial Code § 9406(a). This has absolutely no impact on the assets of the bankruptcy estate and is a matter on which the bankruptcy estate is neutral.

### 3. It Is Irrelevant That The invoices Form a Portion Of The Bank's Filed Proof of Claim Against CyberHome's Bankruptcy Estate.

Hitachi argues in its opposition that the Bank has somehow admitted that CyberHome's bankruptcy estate has an interest in the subject matter of this lawsuit by its inclusion in its bankruptcy proof of claim of the unpaid amount of its advances to CyberHome for the factoring of the Invoices. This is clearly incorrect. The Bank's claim against CyberHome for these unpaid advances and other amounts due to the Bank from CyberHome has no bearing on the Bank's additional claims against Hitachi for its wrongful prepetition conduct. The Bank's claims against CyberHome for amounts due under its loan agreements with CyberHome and its claims against Hitachi herein, although related to some extent, are based upon the violation of completely different rights. Eventually, the Bank will receive a small pro rata distribution on its claim against CyberHome (like other unsecured creditors) and the vast majority of its claim will remain unsatisfied. None of this gives CyberHome's bankruptcy estate an interest in the Bank's lawsuit against Hitachi where none otherwise exists.

## **CONCLUSION**

Based upon the foregoing authorities and argument and those contained in the moving papers, Ta Chong Bank Ltd. respectfully requests that its motion to alter or amend the judgment pursuant to Rule 59(e) be granted.

Dated:  August 13, 2008

MONROE LAW GROUP

By: _/s/ James S. Monroe_
    James S. Monroe,
Attorneys for Plaintiff,
TA CHONG BANK LTD.

-4-

REPLY OF PLAINTIFF IN SUPPORT OF RULE 59(e) MOTION
CASE NO. C-08-02452-PJH

**PROOF OF SERVICE**

**CASE NAME:** Ta Chong Bank Ltd. vs. Hitachi High Technologies America
**COURT:** USDC, Northern District of California
**CASE NO.:** C-08-02452-PJH

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is 101 California Street, Suite 2450, San Francisco, CA 94111. On this date, I served the following document(s):

**REPLY OF PLAINTIFF TA CHONG BANK LTD. IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

on the parties stated below, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

__X__ : By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

_____ : By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

_____ : By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_____ : By Facsimile — From facsimile number at A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressee(s)

    Richard C. Vasquez, Esq.
    Vasquez Benisek & Lindgren LLP
    3685 Mt. Diablo Blvd., Suite 300
    Lafayette, CA 94549

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 13, 2008, at San Francisco, California.

                                            */s/ James S. Monroe*