UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TA CHONG BANK LTD,

    Plaintiff,

    v.

HITACHI HIGH TECHNOLOGIES, INC.,
a Delaware Corporation; DOES 1-10,
inclusive,

    Defendants.
_____/

No. C 08-2452 PJH

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT AND VACATING HEARING DATE**

Before the court is the plaintiff's motion to alter or amend the judgment. The court has considered the parties' arguments, supporting papers, and relevant legal authority. Because the court determines that oral argument would not be helpful, the hearing scheduled for August 27, 2008 is VACATED, and plaintiff's motion is DENIED.

**BACKGROUND**

In August and September 2005, defendant Hitachi High Technologies, Inc. ("Hitachi") purchased home electronics products from chapter 7 bankruptcy debtor CyberHome Entertainment, Inc. ("CyberHome") in the amount of $1,214,852.20. At the time of the purchase, plaintiff Ta Chong Bank ("the Bank") and debtor CyberHome had entered into a series of factoring agreements by which CyberHome assigned its interest in certain accounts receivables ("AR"), including those due from defendant Hitachi, to the Bank.

On September 5, 2006, CyberHome filed a chapter 7 petition for bankruptcy, C 06-41544. In conjunction with its bankruptcy case, CyberHome scheduled the outstanding AR

due from several creditors, including Hitachi. Subsequently, in December 2006, the Bank filed a proof of claim against CyberHome's estate, alleging that it possessed a secured claim for approximately $83 million, based in part on its interest in CyberHome's AR, including the approximately $1.2 million owed to CyberHome by Hitachi. *See* Defendant's Req. for Judicial Notice, Exh. A.

On December 19, 2006, CyberHome's chapter 7 trustee subsequently filed an adversary proceeding, C 06-4282, asserting several claims, including one claim to avoid the Bank's security interest in CyberHome's AR as a preferential transfer under Bankruptcy Code § 547, and other claims seeking declaratory relief regarding the extent to which the Bank held any interest in CyberHome's AR. On February 2, 2007, the Bank asserted counterclaims for fraud, negligence, and breach of contract.

On August 6, 2007, the bankruptcy court heard CyberHome chapter 7 trustee's motion for summary adjudication in the adversary proceeding. On August 10, 2007, the bankruptcy court issued a written order granting the trustee's motion, and ruling that: (1) the Bank's security interest in CyberHome's AR and inventory was unperfected; (2) the Bank's unperfected security interest in CyberHome's AR was avoided by operation of law; and (3) that the Bank held "no lien whatsoever on any receivables and inventory and proceeds" of CyberHome's bankruptcy estate. The Bank did not appeal the bankruptcy court's August 6, 2007 order. On June 4, 2008, the bankruptcy court entered an order dismissing the entire adversary case with prejudice.[1]

In spite of the fact that the bankruptcy court ruled that the Bank had no interest in CyberHome's AR, including any AR due from Hitachi, on March 21, 2008, the Bank nevertheless filed a complaint against Hitachi in state court alleging several causes of action under California law, including (1) goods sold and delivered, (2) open book account, and (3) account stated. The claims are all based on the Bank's interest in CyberHome's

---

[1] The final disposition of the Bank's counterclaims is unclear from the parties' papers and from the bankruptcy court's docket in the adversary proceeding.

2

1  AR in accordance with the factoring agreements that the Bank entered into with
2  CyberHome.

3        Hitachi removed the case to this court on May 13, 2008, and filed a motion to
4  dismiss on May 20, 2008.  Hitachi argued that the Bank's complaint, which includes claims
5  based on its alleged interests in debtor CyberHome's AR, must be dismissed based on the
6  bankruptcy court's determination that the Bank possessed no interest in CyberHome's AR.
7  In opposition, the Bank argued that its claims against Hitachi were not precluded by the
8  bankruptcy court's order in the adversary proceeding, and that the claims concerned non-
9  bankruptcy estate property, and were properly alleged under California law.

10        On July 3, 2008, this court granted Hitachi's motion to dismiss with prejudice, and
11  judgment was entered that same day.  In that order, the court set forth a fair amount of
12  detail regarding the adversary proceeding and motions giving rise to the bankruptcy court's
13  order, and the bankruptcy court's order itself determining that the Bank's security interest in
14  CyberHome's AR constituted a preferential transfer under Bankruptcy Code § 547, was
15  therefore unperfected and avoided by operation of law under Bankruptcy Code § 544, and
16  that the Bank possessed "no lien whatsoever" on CyberHome's AR.

17        The court found that the Bank's current complaint was "nothing short of an
18  attempted end-run around the bankruptcy court's adjudication of the Bank's interest in
19  debtor CyberHome's AR, and the related distribution of CyberHome's bankruptcy estate."
20  The court further noted that the Bank's interest in CyberHome's AR, a fact upon which its
21  instant claims depend, was based solely on agreements that the Bank made with debtor
22  CyberHome, that the bankruptcy court had already determined that the AR constituted
23  property of the bankruptcy estate, and that the Bank possessed no lien on the AR under
24  the Bankruptcy Code.  The court therefore concluded that the Bank's current claims against
25  Hitachi constituted an improper appeal of the bankruptcy court's order, and that the
26  bankruptcy court's rulings regarding the Bank's interest in the AR were *res judicata* as to
27  the claims before this court.

28

On July 18, 2008, Ta Chong filed the instant motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

## DISCUSSION

**A.   Legal Standards**

1.   Federal Rule of Civil Procedure 59(e)

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment."  A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e).  *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).  A Rule 59(e) motion should not be granted, absent highly unusual circumstances, unless: 1) the motion is necessary to correct manifest errors of law or fact *upon which a judgment is based*; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in the controlling law.  *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (emphasis added); *see also McDowell*, 197 F.3d at 1255 (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)).

**B.   The Bank's Motion**

The Bank's Rule 59(e) motion is premised upon "manifest error[s] of law and fact," that it contends the court made in its July 3, 2008 order granting Hitachi's motion to dismiss.  Specifically, the Bank asserts that this court erred with respect to the *timing* of Hitachi's alleged $1.2 million payment to CyberHome.  It notes this court's statement that Hitachi paid the approximately $1.2 million owed to debtor CyberHome to CyberHome (instead of the Bank) *during the course of CyberHome's bankruptcy case.*[2]  The Bank points out that its complaint actually alleges that Hitachi paid the approximately $1.2 million

---

[2] Based on a June 13, 2007 bankruptcy court order, in which the bankruptcy court ordered that CyberHome's chapter 7 trustee was authorized to collect all of CyberHome's AR in spite of the Bank's alleged interest in the AR, the court erroneously inferred that the payments had been made post-petition.  However, as discussed above, the Bank alleges otherwise.

4

to CyberHome *prior to the course of CyberHome's bankruptcy case. See* Complaint at ¶ 11.

The Bank clarifies that it alleged that Hitachi made a $1.2 million payment to CyberHome in January 2006, eight months prior to CyberHome's bankruptcy filing, in connection with the home electronic goods purchased by Hitachi from CyberHome. The Bank argues that Hitachi wrongfully paid CyberHome on CyberHome's AR, when it should have paid the Bank because CyberHome had assigned its interest in its AR to the Bank and Hitachi had been notified of the assignment. The Bank thus argues that CyberHome's bankruptcy estate "has absolutely no interest in the subject matter of this lawsuit," which it construes as a simple lawsuit for pre-petition wrongful payments made by Hitachi to debtor CyberHome instead of to the Bank.

Having reviewed the parties' papers and the appropriate legal authority, the court concludes that the factual error regarding the *timing* of Hitachi's payment to CyberHome's estate does not rise to the level of "manifest error" requiring that the judgment be vacated. That is because the judgment was not "based" on this factual error. *See* Rule 59(e). The timing of Hitachi's alleged payment is and was not an outcome-determinative factor in granting Hitachi's motion to dismiss. Accepting as true the Bank's allegation that Hitachi made a *pre-petition* payment to CyberHome, dismissal remains appropriate under Rule 12(b)(6) for the same reasons as those stated in this court's July 3, 2008 order.

In its Rule 59 motion, the Bank fails to explicitly address this court's conclusion that the bankruptcy court's order was *res judicata* as to the Bank's interest in CyberHome's AR. Instead, the Bank simply argues that CyberHome's bankruptcy estate has no interest in the subject matter of this lawsuit under Bankruptcy Code § 541 because Hitachi's payments to CyberHome occurred *pre-petition*, and that the bankruptcy court proceedings are therefore "irrelevant."

This is wishful thinking on the Bank's part. The bankruptcy court proceedings are indeed relevant. The funds allegedly wrongfully paid by Hitachi were paid to debtor

5

CyberHome, and would have become property of its bankruptcy estate under the Bankruptcy Code upon its filing of the bankruptcy case. 11 U.S.C. § 541(a). The fact that Hitachi allegedly paid CyberHome on the AR prior to CyberHome's filing of its bankruptcy petition does not render CyberHome's interest in its AR non-estate property. At the time CyberHome filed for bankruptcy, all of its property interests, both legal and equitable, became property of the estate. *Id.* Accordingly, absent any bankruptcy court determination to the contrary, the approximately $1.2 million allegedly paid by Hitachi to debtor CyberHome pre-petition was indeed property of the bankruptcy estate, over which the bankruptcy court held exclusive jurisdiction. *See* 28 U.S.C. § 1334; General Order 24 (referring "all cases under title 11, and all proceedings arising under title 11 or arising in or related to cases under title 11" to the bankruptcy judges of this district); *see also Taylor Assoc. v. Diamant (In re Advent Management Corp.)*, 104 F.3d 293, 295-96 (9th Cir. 1997) (where another party claims interest in legal or equitable interests held by the debtor, the funds are presumably "property of the estate" unless the other party satisfies its burden to demonstrate and trace its interest in the estate property).

Because the AR was property of the estate, the bankruptcy court's conclusion that the Bank held no interest in CyberHome's AR would have encompassed any interest that CyberHome possessed in the AR at the time of its bankruptcy filing, including payments that it had already received on its AR prior to filing. *See In re Advent*, 104 F.3d at 295. Accordingly, the bankruptcy court's determination that the Bank held no interest in CyberHome's AR is indeed *res judicata* as to the Bank's current claims based on payments allegedly made by Hitachi to CyberHome on the AR. *See e.g., Reusser v. Wachovia Bank*, 525 F.3d 855, 861 (9th Cir. 2008) (bankruptcy court's order is binding as to the property or interest in question); *Stratosphere Litigation L.L.C. v. Grand Casinos, Inc. (In re Stratosphere Corp.)*, 298 F.3d 1137, 1142-43 (9th Cir. 2002) (bankruptcy court's judgment in proceeding under Bankruptcy Code § 365 regarding creditor's obligation was res judicata as to third party where the interests involved arose from "the same transactional nucleus of

facts" and the third party was identified in interest with the former party).

Moreover, the court finds it interesting that the Bank declined to bring Hitachi's alleged pre-petition payment to the *bankruptcy court's* attention.  The Bank does not appear to have sought reimbursement from CyberHome's bankruptcy estate on account of the alleged mispayment; nor does it appear to have argued before the bankruptcy court that the alleged AR payments were *not* property of CyberHome's bankruptcy estate because they were held in a constructive or resulting trust (or some other type of equitable device)  for the Bank based on Hitachi's alleged improper payment.  *See, e.g.*, *In re Advent*, 104 F.3d at 295; *In re LAN Tamers*, 329 F.3d 204 (9th Cir. 2003) (non-bankrupt party filed adversary proceeding before bankruptcy court asserting that funds held by debtor were not property of the estate, but were actually held by debtor in a constructive or resulting trust for the non-bankrupt party); *Mitsui Manufacturers Bank v. Unicom Computer Corp. (In re Unicom Computer Corp.)*, 13 F.3d 321 (9th Cir. 1994) (non-bankrupt party argued that funds mistakenly transferred to debtor pre-petition were actually held in trust by debtor in course of adversary proceeding brought by debtor to avoid preferential transfer under Bankruptcy Code § 547).

In fact, to the contrary, the Bank filed a proof of claim in the course of CyberHome's bankruptcy case, which actually suggested that it was the Bank's position that the $1.2 million owed by Hitachi to CyberHome was still outstanding.   Moreover, although not raised by Hitachi, the court notes that by filing a proof of claim that included the $1.2 million in AR with the bankruptcy court, the Bank also arguably consented to resolution of any claims regarding those monies by the bankruptcy court.  *See, e.g., G.I. Industries v. Benedor Corp. (In re G.I. Industries),* 204 F.3d 1276, 1280 (9th Cir. 2000) (by filing proof of claim, creditor voluntarily subjected the agreement supporting the claim to the bankruptcy court's jurisdiction since the agreement was an integral component of the bankruptcy court's consideration of the creditor's claim); *Benedor Corp. v. Conejo Enterprises (In re Conejo)*, 96 F.3d 346, 354 n. 6 (9th Cir. 1996) (once creditor files a proof claim, it subjects

itself to the bankruptcy court's equitable powers and waives its jury trial right for the resolution of disputes related to that claim).  Furthermore, given the fact that the Bank chose not to pursue any recourse regarding the pre-petition payment before the bankruptcy court, there is also a fairly strong inference of forum shopping associated with the Bank's filing of this subsequently-removed lawsuit in state court.

## CONCLUSION

For the reasons set forth above, the Bank's motion to alter or amend the judgment is DENIED, and the August 27, 2008 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: August 14, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge